FILED

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA

## ALEXANDRIA DIVISION
## CIVIL SECTION

'09 OCT 29 P 12: 22

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

**NORMAN BRADFORD:**

**PLAINTIFF**

**V.**                                          **CIVIL NO.**  1:09cv 1226

TSE/JFA

**HSBC MORTGAGE CORPORATION;**
**ALLY BANK;**
**HOME ADVANTAGE FUNDING GROUP;**
**PROFESSIONAL FORECLOSURE CORPORATION OF VIRGINIA;**
**MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.**
**("MERS");**
**AMIR MIRZA**
**and DOES 1-20 inclusive.**

**JOINTLY & SEVERALLY**

**DEFENDANTS**

**TRIAL BY JURY DEMANDED**

## VERIFIED COMPLAINT

Your Plaintiff Norman Bradford (hereinafter "Plaintiff"), by and

through his counsel, for his Complaint against Defendants HSBC Mortgage

Corporation, Ally Bank, Home Advantage Funding, Professional

Foreclosure Corporation of Virginia, Mortgage Electronic Registration

Systems, Inc. ("MERS"), and Amir Mirza (collectively "Defendants"),

pleads as follows:

## JURISDICTION AND VENUE

1. This court has subject matter jurisdiction based on federal question
   under 28 U.S.C. §§ 1331 and 1367, 18 U.S.C. § 1964(c) and 15
   U.S.C. § 1640(e). This is an action asserting violations of federal
   statutes commonly known as the Truth In Lending Act ("TILA")(15
   U.S.C. 1601 et seq.), the Real Estate Settlement Procedures Act
   ("RESPA") (12 U.S.C. 2601 et seq.), and it's implementing
   regulations, 12 C.F.R. Part 226, et seq. ("Regulation Z"), with
   additional claims under Virginia state law. These claims all arise out
   of the same controversy and sequence of events.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2), in
   that a substantial part of the events giving rise to the claim occurred in
   this judicial district.

3. This court has personal jurisdiction over the parties as all Defendants
   engage in business within the Commonwealth of Virginia and the
   Eastern District and thus have sufficient contacts.

4. Jurisdiction of this Court for the pendent state claims is authorized by Federal Rule of Civil Procedure 18(a).

5. Defendants, and each of them, regularly engage in business in the Commonwealth of Virginia and regularly provide mortgage loans and related services to residents in the Commonwealth of Virginia who wish to obtain a mortgage loan and who contact or are contacted by a loan officer for assistance in obtaining the necessary financing.

6. Plaintiff brings this action against Defendants for damages and harm resulting from the Defendants' negligent, fraudulent and unlawful conduct concerning a residential mortgage loan transaction with the Plaintiff. The residential mortgage concerned the property located at 43543 Barley Court, County of Loudoun, Commonwealth of Virginia.

## PARTIES

7. It is an undisputed fact that the Plaintiff lives at the residential property located at 43543 Barley Court, County of Loudoun, Commonwealth of Virginia. ("Property").

8. Plaintiff is informed and believes and thereon alleges that at all times mentioned in this Complaint, Defendants HSBC Mortgage Corporation, Ally Bank, Home Advantage Funding, Professional Foreclosure Corporation of Virginia, and Mortgage Electronic

Registration Systems, Inc. ("MERS"), are diversified financial

marketing and/or services corporations engaged primarily in

residential mortgage banking and/or related businesses.

9. Plaintiff is informed and believes and thereon alleges that MERS is a

Delaware corporation engaged in the business of holding title to

mortgages. It does business in Virginia as evidenced by inclusion of

its name on the Deed of Trust. MERS was not registered to do

business in Virginia and its agent for service of process resigned

March 25, 2009. The Deed of Trust in this case states:

"The beneficiary of this security instrument is MERS (solely as nominee for
Lender and Lender's successors and assigns) and the successors and assigns of
MERS. This security instrument secures to Lender (i) repayment of the Loan and
all renewals, extensions and modifications of the Note; and (ii) the performance
of Borrower's covenants and agreements under this Security Instrument and Note.
For this purpose, the Borrower irrevocably grants and conveys to Trustee, in trust,
with power of sale the following described property.

10. Plaintiff is informed and believes and thereon alleges that MERS

conduct with respect to the Promissory Note and Deed of Trust in this

case are governed by "MERS Terms and Conditions" applicable to

Defendants which state that:

"MERS shall serve as mortgagee of record with respect to all such mortgage loans
solely as a nominee, in an administrative capacity, for the beneficial owner or
owners thereof from time to time. MERS shall have no rights whatsoever to any
payments made on account of such mortgage loans, to any servicing rights related
to such mortgage loans, or to any mortgaged properties securing such mortgage
loans. MERS agrees not to assert any rights (other than rights specified in the
Governing Documents) with respect to such mortgage loans or mortgaged
properties. References herein to "mortgage(s)" and "mortgagee of record" shall

include deed(s) of trust and beneficiary under a deed of trust and any other form of security instrument under applicable state law."

11. It is an undisputed fact that as a result of such express conditions and pursuant to Virginia Commercial Code §§ 8.1A-201(21), 8.3A-301, and 8.3A-309, MERS has no beneficial interest or right to enforce the terms of the Promissory Note because it is not in possession of the Promissory Note, and has no authority to conduct any non-judicial foreclosure sale.

12. Plaintiff is informed and believes and thereon alleges that at all times mentioned in this Complaint, Defendants Home Advantage Funding Group and Amir Mirza sold Plaintiff the mortgage in question in this matter.

13. Plaintiff is informed and believes and thereon alleges that at all times mentioned in this Complaint, Defendant Mirza was the loan officer who sold Plaintiff the mortgage at issue.

14. Plaintiff is ignorant of the true names and capacities of the Defendants sued herein under the fictitious names Does 1 through 20, inclusive, and the Plaintiff will amend this Complaint to allege such names and capacities as soon as they are ascertained.

15. Plaintiff is informed and believes and thereon alleges that each of said fictitiously named Defendants is responsible in some manner for the wrongful acts complained of herein.

16. Plaintiff is informed and believes and thereon alleges that Defendants and each of them at all relevant times herein were and still are agents for one another, and acting under the course and scope thereof, with knowledge and consent of each other.

## GENERAL FACTS AND ALLEGATIONS

17. It is an undisputed fact that this action arises out of a loan and foreclosure related activity to the Property of which the Plaintiff is the rightful owner.

18. Plaintiff is informed and believes and thereon alleges that beginning in 1998, lenders, their agents, employees, and related servicers, including Defendants, developed a scheme to rapidly infuse capital into the home mortgage lending system by selling mortgages on the secondary market, normally three to five times, to create a bankruptcy remote transaction. The lenders, their agents, employees, and related servicers, including Defendants, then pooled these mortgages into large trusts, securitizing the pool and selling these securities on Wall

Street as mortgage backed securities, bonds, derivatives and insurances, often for twenty or thirty times the original mortgage.

19. Plaintiff is informed and believes and thereon alleges that in "selling" these mortgage notes on the secondary market, Defendants failed to follow the basic legal requirements for the transfer of a negotiable instrument and an interest in real property. While lenders could have simply gone to Congress to amend existing law so that it would allow for their envisioned transfers, they did not. Instead the lenders, Defendants included, simply ignored the legal requirements.

20. Plaintiff is informed and believes and thereon alleges that in fact, no interest in the Mortgage Note, Deed of Trust or Property was ever legally transferred to any of the Defendants, and that the Defendants are in effect legal strangers to this contractual transaction.

21. Further, Plaintiff is informed and believes and thereon alleges that as this process became more and more profitable, the underwriting requirements were repeatedly reduced to ensure more and more unsuspecting borrowers. As the lenders reduced the underwriting requirements, they introduced the concept of "churning" loans involving a calculated plan to repeatedly refinance borrowers loans,

taking as much equity as possible, and artificially driving up housing prices.

22. Plaintiff is informed and believes and thereon alleges that lenders, Defendant Home Advantage Funding Group included, regularly trained, directed, authorized and/or participated with mortgage brokers to implement this scheme, giving them monetary incentives to violate the borrowers' trust.

23. It is an undisputed fact that in or about 2006, Defendant Mirza came in contact with the Plaintiff, telling him that he was the loan officer for Defendant Home Advantage Funding Group and solicited him to refinance his residence.

24. It is an undisputed fact that Defendant Mirza advised Plaintiff that they could get him the "best deal" and the "best interest rates" available on the market. Defendant Mirza knew or should have known that these assurances were false and misleading.

25. It is an undisputed fact that Defendant Mirza held himself out to the Plaintiff as an experienced loan officer and employed by Home Advantage Funding. Defendant Mirza obtained information regarding the Plaintiff's current mortgage and advised the Plaintiff that he, Defendant Mirza, could get the Plaintiff a substantially better loan that

would put the Plaintiff into a much better position with lower more manageable payments. Defendant Mirza promised Plaintiff that he would place him in a fixed rate low interest loan with no prepayment penalty.

26. It is an undisputed fact that the Plaintiff was not given a preliminary set of documents describing the loan, nor was he given a preliminary net sheet for review.

27. It is an undisputed fact that when the Plaintiff met to sign the documentation, Plaintiff was assured that all was in order and Plaintiff was told "just to sign and initial" the documents where noted.

28. Subsequently, Defendant Mirza's assurances notwithstanding, points were charged for the origination for this loan, that the interest rate was adjustable. The loan was sub-prime although the Plaintiff's FICO score would not have necessitated a sub prime loan, the loan included a three-year pre-payment penalty and the payments actually increased.

29. It is an undisputed fact that Defendant Mirza further advised the Plaintiff that if the loan ever became unaffordable, they would simply refinance it into an affordable loan, something the Defendant Mirza knew or should have known was false and misleading. Defendant

Mirza knew or should have known that these misrepresentations were designed to induce Plaintiff to accept this loan to his detriment.

30. It is an undisputed fact that the State Corporation Commission of Virginia shows that Home advantage Funding, was licensed as a corporation, but its license was revoked in 2009.

31. It is an undisputed fact that on or about September 20, 2006, the Plaintiff completed the refinance on the property and the terms of the loans were moralized in a promissory note, which in turn was secured by a Deed of Trust on the property. The Deed of Trust identified HSBC Mortgage Corporation as the lender.

32. It is an undisputed fact that the Plaintiff was not given a copy of any of the loan documents prior to closing as required. At closing, Plaintiff was only given a few minutes to sign the documents. Plaintiff was simply told to sign and initial the documents provided by the notary. Further, Plaintiff did not receive the required copies of a proper Notice of Cancellation, a Truth in Lending Statement, or a Good Faith Estimate.

33. It is an undisputed fact that the facts surrounding this loan transaction were purposefully hidden to prevent the Plaintiff from discovering the

true nature of the documents. Facts surrounding this transaction continue to be hidden from Plaintiff to this day.

34. It is an undisputed fact that the Deed of Trust also identified MERS as nominee for the Lender and Lender's successors and assigns, and the beneficiary. The Plaintiff is informed and believes and thereon alleges, that MERS has no standing in this forum. It is not licensed to be and/or act as a nominee or beneficiary of any of the Defendants, nor does its Terms and Conditions enumerated above permit it to act in such capacity. MERS was developed to be a document storage company, not a nominee or beneficiary of any of the Defendants. Therefore, the Deed of Trust must fail.

35. It is an undisputed fact that on or about September 27, 2008, a Qualified Written Request under RESPA ("QWR" or "Request") was mailed to Defendant HSBC Mortgage Corporation, and has yet to properly respond to this Request. A copy of the QWR is attached hereto marked "Exhibit A"

36. It is an undisputed fact that on or about October 16, 2008, a letter was mailed to HSBC Mortgage Corporation where a demand to rescind the loan under the TILA provisions. HSBC Mortgage Corporation has yet

to properly respond to this Request. A copy of the Notice of Rescission is attached hereto marked "Exhibit B"

37. On information and belief, Plaintiff alleges that each of the Defendants is not a "person entitled to enforce" the security interest under the Note and Deed of Trust as defined in Virginia Commercial Code § 8.3A-301. Plaintiff alleges that Defendants sold home loans, Plaintiff home loan included, to other financial entities, which "pooled" large numbers of loans, put them into trusts, and sold securities based on them. Plaintiff alleges that the Defendants do not own the loan subject to this action and are not entitled to enforce the security interest.

38. On information and belief, Plaintiff alleges that Defendants regularly approved loans to unqualified borrowers, and implemented unlawful lending practices. Further, Plaintiff alleges that Defendant Home Advantage Funding Group employed brokers and loan officers who were paid commissions based on the volume of loans they sold to consumers, Plaintiff included. Plaintiff alleges that Defendant Home Advantage Funding Group loan officers received a greater commission or bonus for placing borrowers in loans with relatively high yield spread premiums. As such, borrowers, Plaintiff included,

were steered and encouraged into loans with terms unfavorable to them, or loans, which the borrowers, Plaintiff included, were not qualified to obtain.

39. It is an undisputed fact that Defendants are attempting to obtain putative legal title to Plaintiff's Property without having established that either of them was ever a "person entitled to enforce" the security interest under the Note and Deed of Trust.

40. Upon information and belief, Plaintiff contends that each Defendant in fact is not a "person entitled to enforce" said interest. Upon information and belief, Plaintiff contends that no legal transfer of the Mortgage Note, Deed of Trust or any other interest in Plaintiff's Property was effected that gave any of the Defendants the right to be named a trustee, mortgagee, beneficiary or an authorized agent of trustee, mortgagee or beneficiary of Plaintiff Mortgage Note, Deed of Trust or any other interest in Plaintiff's Property.

41. It is an undisputed fact that Plaintiff entered into a loan transaction with the Defendant HSBC Mortgage Corporation, which was subject to a finance charge, and which was initially payable to Defendant HSBC Mortgage Corporation under the first Deed of Trust.

42. It is an undisputed fact that Plaintiff's Loan is subject to TILA provisions and its implementing regulations, 12 27 C.F.R. Part 226 ("Regulation Z"). TILA grants consumers a three-day right to cancel certain types of real estate loan transactions. This three-day right to cancel applies to Plaintiff's Loan with Defendants.

43. It is an undisputed fact that when the loan was consummated, Plaintiff did not receive the required documents and disclosures, including, but not limited to the TILA disclosure and the required number of copies of the Notice of Right to Cancel stating the date that the rescission period expires. Plaintiff is entitled to damages for violations that occurred at the time of the consummation of the loan transaction.

44. It is an undisputed fact that under TILA and Regulation Z, lenders, Defendants included, were required to clearly and conspicuously disclose the "amount financed" and the "finance charge," among other things, in connection with the Loan.

45. It is an undisputed fact that Defendants were required to provide Plaintiff with said disclosures, but failed to do so.

46. Plaintiff contends that Defendants MERS, HSBC Mortgage Corporation, and Professional Foreclosure Corporation of Virginia

know or should know that the Deed of Trust had been voided and any attempt to foreclose upon a void security is fraudulent.

47. On information and belief, Plaintiff alleges that in all the wrongful acts alleged herein, Defendants, and each of them, have utilized the United States mail, telephones and internet in furtherance of their pattern of unlawful and illegal conduct to collect on negotiable instruments when they were not entitled to do so.

48. On information and belief, Plaintiff alleges that Defendants, in committing the acts alleged in this Complaint and in other cases, are engaging in a pattern of unlawful and illegal activity.

49. It is an undisputed fact that Defendants fraudulently added costs and charges to the payoff amount of the note that were not justified or proper under the terms of the note or law.

50. It is an undisputed fact that in pursuing the non-judicial foreclosure, Defendants represented that they have the right to payment under the Mortgage Note, payment of which was secured by the Deed of Trust. Whereas in fact, Defendants, and each of them, are not the real parties in interest, are not the legal trustee, mortgagee or beneficiary, nor are they authorized agents of the trustee, mortgagee or beneficiary, nor are they in possession of the Note, or holders of the Note, or non-

holders of the Note entitled to payment, as required by the Virginia Commercial Code §§ 8.3A-301 and 8.3A-309. Therefore, Defendants are attempting to institute foreclosure proceedings against Plaintiff's Property without rights under the law.

51. On information and belief, Plaintiff alleges that Defendants misrepresented material facts with the intent of forcing Plaintiff to either pay large sums of money to the Defendants, to which they were not entitled, or to abandon the Property to a foreclosure sale, resulting in profit for the Defendants.

52. It is an undisputed fact that the misrepresentations and allegations stated herein were all discovered within the past year such that any applicable statute of limitations are extended or should be extended pursuant to the equitable tolling doctrine or other equitable principles.

53. On information and belief, Plaintiff avers that if the Court adjudicates that Plaintiff validly rescinded the credit transaction, Plaintiff may be able to obtain funds to tender the remaining amount due to the ***actual*** creditor as to the credit transaction in TILA rescission after all payments made and for the statutory damages to which he is entitled for the refusal of HSBC Mortgage Corporation timely to tender in TILA rescission as to the credit transaction and its action instead to

dishonor and repudiate the notice of rescission. Although Plaintiff has grounds to aver that he might be able to make such tender as a last resort, if he were not able to obtain such financing, he would sell the home.

54. On information and belief, the net proceeds from any such sale would be sufficient to make such tender as to the credit transaction. Plaintiff cannot now determine what amount would be due from him in TILA rescission as to the credit transaction.

### FIRST CAUSE OF ACTION
### VIOLATION OF THE TRUTH IN LENDING ACT
### (AGAINST DEFENDANTS HSBC MORTGAGE
### CORPORATION AND ALLY BANK)

55. Plaintiff incorporates here each and every allegation set forth above.

56. It is an undisputed fact that the loan transaction at issue is a consumer credit transaction subject to the provisions of TILA.

57. It is an undisputed fact that TILA grants consumers a three-day right to cancel certain residential mortgage loan transactions. Pursuant to 15 U.S.C. § 1635(a), the three-day cancellation period begins upon the latter of the following events: (1) the "consummation of the transaction"; (2) the "delivery of the information and rescission forms" required by that section; or (3) delivery of accurate "material disclosures" required by TILA. 15 U.S.C. § 1635(a). The "material

disclosures" that must be provided to the consumer include accurate disclosure of the annual percentage rate; all finance charges and the amount financed. 15 U.S.C. § 1602(u)

58. It is an undisputed fact that if the required notice of cancellation is not provided, or if the required "material disclosures" are not delivered, then the right to cancel extends to three years after the date of the loan, or if the facts of the transaction were hidden from the consumer, three years from the date consumer discovered the hidden facts. 15 U.S.C. § 1635(f). If a consumer has the right to rescind against a creditor, the right will also apply to any assignees of that creditor. 15 U.S.C. § 1641(c).

59. It is an undisputed fact that a consumer may exercise their right to cancel a transaction by delivering a written notification of the consumer's intent to rescind to the creditor's place of business. 12 C.F.R. §226.23(a)(2). The notice is effective upon mailing and notice mailed to the agent servicing the loan is effective notice on the holder of the mortgage. 12 C.F.R. § 226.23(a)(2).

60. It is an undisputed fact that when a consumer rescinds a transaction, the security interest-giving rise to the right of rescission becomes

void, and the consumer is not liable for any amount, including any finance or other charge. U.S.C. § 1635(b).

61. It is an undisputed fact that within twenty (20) days after the receipt of a consumer's election to cancel the transaction, the creditor must return to the consumer all money or property given, including all interest and finance charges paid, and shall take all action necessary or appropriate to reflect the termination of any security interest created under the transaction. 15 U.S.C. § 1635(b); 15 C.F.R.§ 226.23(d).

62. It is an undisputed fact that Defendant HSBC Mortgage Corporation is a "creditor" as that term is defined by 15 U.S.C. §1602. The transaction between Plaintiff and Defendant HSBC Mortgage Corporation was a consumer loan transaction wherein the Defendant extended credit to the Plaintiff and such credit was secured by an interest purportedly held by the Defendant in the Property.

63. It is an undisputed fact that As a consumer credit transaction, the Defendant was required to provide Plaintiff with the mandatory TILA disclosure statements and notice of the Plaintiff's right to rescind, specifying the date on which the three-day rescission period expires.

64. It is an undisputed fact that in the course of the transaction described herein, Defendant violated TILA in numerous ways, including, but not

limited to: (a) failing to provide required disclosures prior to consummation of the transaction; (b) failing to make required disclosures clearly and conspicuously in writing; (c) failing to timely deliver to Plaintiff notices required by TILA; (d) placing terms prohibited by TILA into the transaction; and (e) failing to disclose all finance charge details and the annual percentage rate based upon properly calculated and disclosed finance charges and amounts financed.

65. Plaintiff is informed and believes and thereon alleges that Defendant HSBC Mortgage Corporation has engaged in a pattern and practice of extending credit to consumers, Plaintiff included, under high rate mortgages without regard to the consumers' repayment ability or the actual value of the property.

66. It is an undisputed fact that because of these violations, Plaintiff has a continuing right to rescind the loan transaction for up to three years after consummation of the transaction pursuant to 15 U.S.C. § 1635(a) and (f) and 15 C.F.R. § 226.23(b)(5). Plaintiff hereby gives notice of rescission by and through this Complaint.

67. It is an undisputed fact that because of these violations, Defendant HSBC Mortgage Corporation is liable to the Plaintiff in the amount of

twice the finance charge, actual damages to be established at trial, and

costs in accordance with 15 U.S.C. § 1640(a). Plaintiff is also entitled

to: rescission of the loan transaction; an order requiring Defendants to

take any and all actions necessary to terminate any security interest in

the Property and a declaration by the Court that the security interest is

void; expungement of any and all foreclosure instruments, including

but not limited, to any Notice of Default or Notice of Trustee's Sale

relating to the transaction from any public record; removal of any and

all derogatory information reported to any and all credit reporting

agency or credit reporting bureau relating to the transaction; the return

to Plaintiff of any money given by the Plaintiff to any of the

Defendants in connection with the Loan transaction; statutory

damages; costs and reasonable attorney's fees; and such other relief as

the Court may deem just and proper.

68. It is an undisputed fact that as a result of Defendant's misconduct,

Plaintiff has suffered and continues to suffer damages in an amount to

be proven at trial, which he is entitled to recover.

69. It is an undisputed fact that Defendant's misconduct was in conscious

disregard of Plaintiff's rights, willful, malicious, and outrageous.

Therefore, punitive damages are warranted and demanded.

70. It is an undisputed fact that as a result of Defendant's misconduct, the Loan was void and unenforceable at its inception. Therefore, Plaintiff is entitled to rescind the loan agreement and the Promissory Note and does hereby demand rescission.

71. It is an undisputed fact that as a result of Defendant's misconduct, Plaintiff is entitled to declaratory and injunctive relief preventing Defendant from taking any action to collect on the loan, and/or to foreclose upon the Property, and/or to transfer the Property.

## SECOND CAUSE OF ACTION
## FAILURE TO HONOR TRUTH IN LENDING RESCISSION
## (AGAINST DEFENDANTS HSBC MORTGAGE
## CORPORATION AND ALLY BANK)

72. Plaintiff incorporates the previous paragraphs by reference.

73. It is an undisputed fact that this consumer credit transaction was subject to Plaintiff's right of rescission. 15 U.S.C. § 1635 and Regulation Z § 226.23.

74. It is an undisputed fact that Defendants failed to deliver all material disclosures required by the Truth in Lending Act and Regulation Z, including but not limited to a correctly completed Notice of Right to Cancel as required under 15 U.S.C. § 1635(a) and Regulation Z § 226.23(b)

75. It is an undisputed fact that Plaintiff has a continuing right to rescind the transaction until the third business day after receiving all material disclosures, up to three years after consummation of the transaction, pursuant to 15 U.S.C. § 1635(a) and Regulation Z § 226.23(a)(3).

76. It is an undisputed fact that on October 16, 2008, Plaintiff rescinded the transaction, by sending notice of rescission to Defendants. *See* "Exhibit B"

77. It is an undisputed fact that more than 20 calendar days have passed since Defendants received Plaintiff's notice of rescission.

78. It is an undisputed fact that Defendants have failed to take any action necessary or appropriate to reflect the termination of any security interest created by the transaction, as required by 15 U.S.C. § 1635(b) and Regulation Z § 226.23(d)(2). A copy of the response to Exhibit B is attached hereto marked "Exhibit C"

79. It is an undisputed fact that Defendants have failed to return to Plaintiff any money or property given by the Plaintiff to anyone, including Defendants, as required by 15 U.S.C. § 1635(b) and Regulation Z § 226.23(d)(2).

80. It is an undisputed fact that Defendant Ally Bank, as purchaser or assignee of the mortgage is also liable pursuant to 15 U.S.C. § 1641.

81. It is an undisputed fact that s a result of these violations of the Truth in Lending Act and Regulation Z, Defendants are liable to Plaintiff for:

a. Rescission of the transaction pursuant to 15 U.S.C. § 1635(b).

b. Termination of any security interest in Plaintiff's property created by the transaction pursuant to 15 U.S.C. § 1635.

c. Return of any money or property given by the Plaintiff to anyone, including Defendants, in connection with this transaction, under 15 U.S.C. § 1635(b).

d. Statutory damages of $2000 for Defendants' failure to respond properly to Plaintiff's rescission notice pursuant to 15 U.S.C. § 1640(a)(2)(A).

e. Forfeiture of return of loan proceeds under 15 U.S.C. § 1635.

f. Actual damages in an amount to be determined pursuant to 15 U.S.C. § 1640.

g. Costs in accordance with 15 U.S.C. § 1640.

82. It is an undisputed fact that as a result of Defendants' violations, Plaintiff is entitled to statutory damages in an amount to be determined at trial, actual damages according to proof, and costs and reasonable attorney's fees.

## THIRD CAUSE OF ACTION
## VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT
## (AGAINST DEFENDANTS HSBC MORTGAGE CORPORATION, ALLY BANK, MERS, AND PROFESSIONAL FORECLOSURE CORPORATION)

83. Plaintiff incorporates here each and every allegation set forth above.

84. It is an undisputed fact that Defendants in that they regularly in the course of their business, on behalf or themselves or others, engage in the collection of debt.

85. It is an undisputed fact that Defendants' actions constitute a violation of the FDCPA in that they threatened to take actions not permitted by law, including but not limited to: collecting on a debt not owed to Defendants, making false reports to credit reporting agencies, attempting to foreclose upon a void security interest, foreclosing upon a Note of which they were not in possession nor otherwise entitled to payment, falsely stating the amount of a debt, increasing the amount of a debt by including amounts that are not permitted by law or contract, and using unfair and unconscionable means in an attempt to collect a debt.

86. It is an undisputed fact that Defendants' actions have caused Plaintiff actual damages, including, but not limited to, severe emotional

distress, such as loss of appetite, frustration, fear, anger, helplessness, nervousness, anxiety, sleeplessness, sadness and depression.

87. It is an undisputed fact that As a result of Defendants' violations, Plaintiff is entitled to statutory damages in an amount to be determined at trial, actual damages according to proof, and costs and reasonable attorney's fees.

## THIRD CAUSE OF ACTION
## NEGLIGENCE
## (AGAINST ALL DEFENDANTS)

88. Plaintiff incorporates here each and every allegation set forth above.

89. It is an undisputed fact that Defendants are debt collectors with the meaning of the Plaintiff is informed and believes and thereon alleges that Defendants Home Advantage Funding Group and Mirza owed a duty to the Plaintiff to perform acts as brokers of loans in such a manner as to no cause Plaintiff harm.

90. Plaintiff is further informed and believes and thereupon alleges that Defendants owed a duty to the Plaintiff to perform acts in such a manner as to not cause Plaintiff harm. Plaintiff is informed and believes and thereupon alleges that Defendants breached their duty of care to the Plaintiff when they failed to maintain the original

Mortgage Note, failed to properly create original documents, and failed to make the required disclosures to the Plaintiff.

91. Further, Plaintiff is informed and believes and thereupon alleges that Defendants HSBC Mortgage Corporation, Ally Bank, Home Advantage Funding, Professional Foreclosure Corporation of Virginia, MERS breached their duty of care to the Plaintiff when they took payments to which they were not entitled, charged fees they were not entitled to charge, and made or otherwise authorized negative reporting of Plaintiff's creditworthiness to various credit bureaus wrongfully.

92. It is an undisputed fact that as a result of Defendant's negligence, Plaintiff suffered and continues to suffer harm and is entitled to damages according to proof and/or other relief as the court deems just.

## FOURTH CAUSE OF ACTION
## VIOLATION OF THE REAL ESTATE SETTLEMENT
## PROCEDURES ACT
## (AGAINST DEFENDANTS HSBC MORTGAGE
## CORPORATION, ALLY BANK)

93. Plaintiff incorporates here each and every allegation set forth above.

94. It is an undisputed fact that the loan transaction between Plaintiff and Defendants is a mortgage loan covered by RESPA.

95. Plaintiff is not certain at this time exactly, which of Defendants was actually the servicer of the loan at any given time. However, due to the conspiratorial nature of the misdeeds alleged herein and to Defendants' failure to properly advise Plaintiff as to the roles and identities of the various entities that were purportedly handling his loan at any given time, these allegations are made as to all Defendants.

96. It is an undisputed fact that Defendant HSBC Mortgage Corporation violated RESPA at the time of closing on the sale of the Property by failing to correctly and accurately comply with the disclosure requirements provided therein.

97. It is an undisputed fact that on September 27, 2008, Plaintiff sent by mail a Qualified Written Request (QWR) in compliance with and under the Real Estate Settlement Procedures Act, 12 U.S.C. Section 2605(e). *See* "Exhibit A"

98. It is an undisputed fact that Defendants HSBC Mortgage Corporation and Ally Bank violated RESPA, 12 U.S.C. §2605(e)(2), by failing and refusing to provide a proper written explanation or response to Plaintiff's QWR. A copy of the response to Exhibit A is attached hereto marked "Exhibit D"

99. Plaintiff is informed and believes and thereon alleges, that these Defendants have engaged in a pattern or practice of non-compliance with the requirements of the mortgage servicer provisions of RESPA as set forth in 12 U.S.C. §2605.

100.    It is an undisputed fact that as a result of Defendants' failure to comply with RESPA, Plaintiff has suffered and continues to suffer damages and costs of suit. Plaintiff is entitled to recover statutory damages, actual damages in an amount to be determined at trial, and costs and reasonable attorney's fees.

## FIFTH CAUSE OF ACTION
## VIOLATION OF THE REAL ESTATE SETTLEMENT PROCEDURES ACT
## (AGAINST DEFENDANTS HSBC MORTGAGE CORPORATION)

101.    Plaintiff incorporates here each and every allegation set forth above.

102.    It is an undisputed fact that the transaction between Plaintiff and Defendants is a federally related mortgage loan within the meaning of the Real Estate Settlement Procedures Act (RESPA). 12 U.S.C. § 2602(1) *et seq.*

103.    It is an undisputed fact that the activities of Defendants in this transaction are settlement services within the meaning of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601(3).

104.    It is an undisputed fact that as part of the transaction, Plaintiff

paid fees to Defendants for various settlements services in conjunction

with the federally related mortgage loan.

105.    Upon knowledge and belief, Defendants Home Advantage

Funding Group and HSBC Mortgage Corporation violated the Real

Estate Settlement Procedures Act by: Accepting fees, kickbacks or

other things of value from the other Defendants pursuant to an

agreement or understanding that business incident to or a part of a real

estate settlement service involving federally related mortgage loans

would be referred to other Defendants, in violation of 12 U.S.C. §

2607(a) and 24 C.F. R. § 3500.14(b). Giving or accepting a portion,

split, or percentage of charges made or received for the rendering of

real estate settlement services in connection with a transaction

involving a federally related mortgage loan other than for services

actually performed, in violation of 12 U.S.C. § 2607(b) and 24 C.F.R.

§ 3500.14(c).

106.    It is an undisputed fact that as a result of these violations of the

Real Estate Settlement Procedures Act, Defendants are liable to

Plaintiff for: monetary damages in the amount of three times the

amount of any and all settlement services paid directly or indirectly by

Plaintiff pursuant to 12 U.S.C. § 2607(d)(2) and costs under 12 U.S.C.

§ 2607(d)(5). and reasonable attorney's fees.

## SIXTH CAUSE OF ACTION
## BREACH OF FIDUCIARY DUTY
## (AGAINST ALL DEFENDANTS)

107.    Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

108.    It is an undisputed fact that Defendants were agents for the Plaintiff by express and implied contract and by operation of law.

109.    Plaintiff is informed and believes and thereon alleges that Defendant HSBC Mortgage Corporation directly ordered, authorized or participated in Defendants Home Advantage Funding Group and Mirza's tortuous conduct.

110.    It is an undisputed fact that Plaintiff hired Defendants Home Advantage Funding Group and Mirza as his agents for the purpose of obtaining a Loan to finance the Property.

111.    It is an undisputed fact that pursuant to an agreement between the parties, Plaintiff agreed to pay Defendants a commission from the proceeds of his Loan.

112.    It is an undisputed fact that Defendants, by and through their agents, owed a fiduciary duty to the Plaintiff to act primarily for his

benefit, to act with proper skill and diligence, and not to make a personal profit from the agency at the expense of their principal, the Plaintiff.

113.    It is an undisputed fact that as Plaintiff agents, Defendants owed a duty of loyalty and a duty to deal fairly with him at all times.

114.    It is an undisputed fact that Defendants willfully or recklessly breached their fiduciary duty and duty of loyalty by obtaining a mortgage loan for him that had unfavorable terms and by not disclosing the negative consequences of said loan, by securing a secret profit for themselves, by not properly complying with TILA and RESPA requirements, and by engaging in unfair business practices.

115.    It is an undisputed fact that Defendants HSBC Mortgage Corporation and Home Advantage Funding, each through their own action, interfered with Defendant Mirza's fiduciary obligations by offering Defendant Mirza incentives to breach the fiduciary duty by means of creating and participating in a scheme that created an illusion to consumers that they are being informed of all of the material facts, when in fact they are not.

116.    It is an undisputed fact that Plaintiff sent a letter to Defendant Professional Foreclosure Corporation Of Virginia on June 2, 2009

noticing said Defendant that they must verify the alleged debt, that Plaintiff had sent a timely rescission letter to the lender, and that by operation of law, the security interest in the property was *automatically* void, thus there could not be any foreclosure action. A copy of the letter is attached hereto marked "Exhibit E"

117.    It is an undisputed fact that despite said warnings Defendant Professional Foreclosure Corporation Of Virginia has initiated foreclosure in violation of 15 U.S.C. § 1635(b), Reg. Z §§ 226.15(d)(1), 226.23(d)(1).

118.    It is an undisputed fact that Plaintiff has been damaged as a result of Defendants' breach, and as such is entitled to actual damages.

119.    It is an undisputed fact that Defendants' conscious disregard of Plaintiff's rights, deliberate breach of their respective fiduciary duties, which shows willful misconduct, malice, fraud, wantonness, oppression and entire want of care, authorize the imposition of punitive damages.

### SIXTH CAUSE OF ACTION
### FRAUD
### (AGAINST DEFENDANTS HSBC MORTGAGE CORPORATION, HOME ADVANTAGE FUNDING GROUP AND MIRZA)

120.    Plaintiff incorporates here each and every allegation set forth above.

121.    It is an undisputed fact that the Defendants falsified documents by adding and/or changing information on certain documents. More specifically the Truth In Lending Statement Defendants failed to provide a copy of at the closing in violation of 15 U.S.C. § 1635(a); was supplied after it was requested on or about September 1, 2008, the TILA statement provided included a forged date. A document titled Confirmation Certificate that was provided for Plaintiff to sign at closing in violation of 15 U.S.C. § 1635(a) also contained a forged date.

122.    It is an undisputed fact that Defendants HSBC Mortgage Corporation, Home Advantage Funding Group and Mirza have made several material representations to Plaintiff with regard to material facts regarding the mortgage transaction, including but not limited to promising Plaintiff mortgage terms that they had no intention of providing, increasing Plaintiff's interest rate due to the payment of the yield spread premium without informing Plaintiff, there would be no prepayment penalties, and that the Plaintiff could not rescind the loan after the three day right of rescission. (*See* Exhibit C).

123.    It is an undisputed fact that these material representations made by Defendants were false.

124.    It is an undisputed fact that Defendants knew that these material representations were false when made, or these material representations were made with reckless disregard for the truth.

125.    It is an undisputed fact that Defendants intended that Plaintiff rely on these material representations.

126.    It is an undisputed fact that Plaintiff reasonably relied on said representations.

127.    It is an undisputed fact that as a result of Plaintiff's reliance, he was harmed and suffered damages. Plaintiff's reliance on Defendants' false material representations was a substantial factor in causing Plaintiff harm.

128.    It is an undisputed fact that Defendants are guilty of malice, fraud and/or oppression. Defendants' actions were malicious and done willfully, in conscious disregard of the rights and safety of Plaintiff in that the actions were calculated to injure Plaintiff. As such, Plaintiff is entitled to recover, in addition to actual damages, punitive damages to punish Defendants and to deter them from engaging in future misconduct.

## SEVENTH CAUSE OF ACTION
## BREACH OF CONTRACT
## (AGAINST DEFENDANTS HSBC MORTGAGE CORPORATION, HOME ADVANTAGE FUNDING GROUP AND MIRZA)

129.    Plaintiff incorporates here each and every allegation set forth above.

130.    It is an undisputed fact that Plaintiff entered into an agreement with Defendants Home advantage Funding Group, and Mirza, whereby Defendants promised to provide the Plaintiff with an affordable loan.

131.    It is an undisputed fact that Plaintiff fully performed his duties under the contract with Defendants Home advantage Funding Group, and Mirza.

132.    It is an undisputed fact that Defendants breached their agreement with the Plaintiff by failing to exercise reasonable efforts and due diligence as promised, thus failing to provide Plaintiff with an affordable loan. Defendants also breached their agreement with Plaintiff by committing wrongful acts, including but not limited to, intentionally or negligently failing to obtain payment and interest rates as promised, failing to submit an accurate loan application, failing to supervise, failing to provide loan documents for Plaintiff's review prior to closing and failing to explain the loan documents to Plaintiff.

Defendants further breached their duties when they failed to refinance the mortgage without a prepayment penalty as promised.

133.    It is an undisputed fact that this breach by the Defendants has sent Plaintiff into foreclosure instead of financing his mortgage as agreed.

134.    It is an undisputed fact that as a result of Defendants' wrongful conduct, Plaintiff has suffered various damages and injuries according to proof at trial.

135.    Plaintiff further seeks restitution, disgorgement of sums wrongfully obtained, costs of suit, reasonable attorney's fees, and such other and further relief as the Court may deem just and proper.

## EIGHTH CAUSE OF ACTION
## BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING
## (AGAINST DEFENDANTS HOME ADVANTAGE FUNDING GROUP AND MIRZA)

136.    Plaintiff incorporates here each and every allegation set forth above.

137.    It is an undisputed fact that a duty of good faith and fair dealing was implied by law into the contract at issue in this action at its inception. Defendants duties of good faith and fair dealing included, but were not limited to, the following: (1) Defendants had a duty to

pay at least as much regard to Plaintiff's financial interests as to Defendants' financial interest; (2) Defendants had a duty to comply with all applicable laws in the Commonwealth of Virginia; (3) Defendants agreed to act in good faith and deal fairly with the Plaintiff when they entered into the mortgage and accepted payments from Plaintiff. Defendants thereby assumed obligations of good faith and fair dealing toward Plaintiff and thereby agreed to abide by such obligations.

    a.  Failing to pay at least as much regard to Plaintiff's interests as to Defendants' interests;

    b.  Failing to disclose to Plaintiffs' the true nature of the loan that is the subject of this action;

    c.  Failing to give Plaintiffs' the requisite notice and disclosures.

138.    It is an undisputed fact that Defendants breached the implied duty of good faith and fair dealing owed to Plaintiff by, among other things, performing the acts and failures to act alleged herein, and by failing to perform the duties specifically enumerated herein. Defendants further breached the duty of good faith and fair dealing by:

139.    It is an undisputed fact that in the absence of a reasonable basis

for doing so, and with full knowledge and/or reckless disregard of the

consequences, Defendants acted in bad faith toward Plaintiff by,

among other things, failing to comply with all applicable laws,

including notice requirements, before foreclosure.

140.    Plaintiff is informed and believes and thereon alleges that

Defendants have a pattern and practice of similar bad faith conduct

toward other borrowers, who are similarly situated.

141.    It is an undisputed fact that as a proximate result of Defendants'

breaches of the covenant of good faith and fair dealing alleged herein,

Plaintiff has suffered damages, incurred attorney's fees and costs to

recover the Property, suffered a loss of reputation and goodwill,

suffered emotional distress, and suffered other economic losses and

damages in amounts not yet fully ascertained but within the

jurisdiction of this Court.

142.    It is an undisputed fact that Defendants pursued said course of

conduct intentionally and maliciously and in conscious disregard of

the rights of Plaintiff and his economic interests. Further, Defendants'

refusal to follow through with their duty to assist Plaintiff was made

with the intent to intimidate, vex and harass Plaintiff so as to

discourage him from pursuing his legal rights under the mortgage law.
In order to deter such conduct of Defendants in the future, and to
prevent repetition thereof as a practice, by way of punishment and as
example, Plaintiff prays that exemplary damages be awarded
according to proof at trial.

### NINTH CAUSE OF ACTION
### WRONGFUL FORECLOSURE
### (AGAINST DEFENDANTS HSBC MORTGAGE CORPORATION, ALLY BANK AND PROFESSIONAL FORECLOSURE OF VIRGINIA)

143.     Plaintiff incorporates here each and every allegation set forth
above.

144.     It is an undisputed fact that Virginia Commercial Code § 8.3A-
301 specifically identifies the persons who are entitled to enforce a
security interest by, among other means, instituting a foreclosure sale
under a deed of trust. The statute is exclusive rather than inclusive in
nature, and those who are not identified do not have the right to
enforce such an interest.

145.     Plaintiff is informed and believes and thereon alleges that
Defendants HSBC Mortgage Corporation, Ally bank and Professional
Foreclosure Corporation of Virginia are not in possession of the Note,
and are not beneficiaries, assignees or employees of the person or

entity in possession of the Note, and are not otherwise entitled to payment. Moreover, Plaintiff is informed and believes and thereon alleges that said Defendants are not "person[s] entitled to enforce" the security interest on the Property, as that term is defined in Virginia Commercial Code § 8.3A-301.

146.    It is an undisputed fact that In the Notice sent by Professional Foreclosure Corporation of Virginia it claims that it was the duly appointed trustee pursuant to the Deed of Trust, but fails to identify the holder of the beneficial interest. Plaintiff is informed and believes and thereon alleges that Defendants are not in possession of the Note, and are not entitled to enforce the security interest on the property.

147.    It is an undisputed fact that Defendants also failed to properly record and give notice of the Notice of Default, which apparently occurred on or about October 6, 2009. As a result, trustors, Plaintiff included, who are not properly informed regarding a pending substitution of trustee cannot exercise their rights to investigate the circumstances of the foreclosure proceedings.

148.    It is an undisputed fact that in the instant action, Plaintiff sent a QWR to Defendant HSBC Mortgage Corporation but to date, have not received a proper response.

149.    It is an undisputed fact that Defendants' failure to comply with
the statutory requirements denied Plaintiff the opportunity to exercise
his statutory rights, which the statute was specifically designed to
protect.

150.    It is an undisputed fact that on or about October 3, 2008, the
Emergency Economic Stabilization Act of 2008 ("EESA") was signed
into law. In implementing EESA, the U.S. Treasury has instituted a
number of programs, including the "Making Homes Affordable"
Program, Capital Purchase Program, and Capital Assistance Program,
among others. Pursuant to the plans, and the authority provided by
H.R.1424 Title I Sec. 109-110, the U.S. Treasury has ordered that all
recipients of capital investments under the Financial Stability Plan
will be required to commit to participating in mortgage foreclosure
mitigation programs consistent with the guidelines promulgated by
U.S. Treasury and released as part of its Making Home Affordable
mortgage modification program.

151.    Plaintiff is informed and believes and thereon alleges that some
or all of the Defendants, pursuant to the United States Department of
the Treasury Section 105(a) Troubled Asset Relief Program (TARP)

Report to Congress, received monies in 2008 from the U.S. Government in purchases of troubled assets.

152.     It is an undisputed fact that those Defendants who received TARP funds are subject to U.S. Treasury's modification program guidelines for the Making Home Affordable Program. Said guidelines, promulgated on March 4, 2009, clearly require "[a]ny foreclosure action ... be temporarily suspended during the trial period, or while borrowers are considered for alternative foreclosure prevention options. In the event that the Home Affordable Modification or alternative foreclosure options fail, the foreclosure action may be resumed."

153.     It is an undisputed fact that Defendants have failed to suspend the foreclosure action to allow the Plaintiff to be considered for alternative foreclosure prevention options.

154.     It is an undisputed fact that as a direct and proximate result of said Defendants' wrongful actions, Plaintiff has suffered damages, including, but not limited to, direct monetary loss, consequential damages, and emotional distress.

155.     It is an undisputed fact that in committing the wrongful acts alleged herein, said Defendants acted with malice, oppression and

fraud. Said Defendants' willful conduct warrants an award of exemplary damages, in an amount sufficient to punish the wrongful conduct and to deter such misconduct in the future.

### TENTH CAUSE OF ACTION
### CIVIL CONSPIRACY
### (AGAINST DEFENDANTS HSBC MORTGAGE CORPORATION, HOME ADVANTAGE FUNDING GROUP AND MIRZA)

156.   Plaintiff incorporates the allegations above.

157.   Plaintiff incorporates the allegations above.

158.   Defendants HSBC Mortgage Corporation, Home Advantage Funding Group and Mirza acted in concert pursuant to a common design to and plan to induce Plaintiff to enter into this mortgage transaction which had little or no benefit to him, including but not limited to providing the funding for the scheme.

159.   It is an undisputed fact that Defendants illegally, maliciously and wrongfully conspired with one another with the intent to and with the purpose of inducing Plaintiff to enter into this mortgage benefit, which had little or no benefit to him.

160.   It is an undisputed fact that the civil conspiracy resulted in damaging the Plaintiff including but not limited to increased finance charges, excessive loan expenses and interest rates, loss of other credit opportunities, and other costs.

## ELEVENTH CAUSE OF ACTION
## SET ASIDE OR VACATE NOTE AND DEED OF TRUST
## (AGAINST DEFENDANTS HSBC MORTGAGE
## CORPORATION, ALLY BANK)

161.   Plaintiff incorporates the allegations above.

162.   It is an undisputed that Plaintiff has made payments to the
Defendant HSBC Mortgage Corporation under the belief that the
Defendant HSBC Mortgage Corporation was the owner or holder of a
promissory note, which may have been signed by the Plaintiff.

163.   Plaintiff has requested authenticated copies showing the existence
of said promissory note but the Defendants have failed and refused to
produce them.

164.   Plaintiff has requested authenticated copies of said promissory
note establishing that either Defendants, HSBC Mortgage Corporation
or Ally Bank is the owner or holder of such note, yet the Defendants
have failed and refused to produce any such records.

165.   Neither Defendants is the owner nor holder of any purported note
to which the Plaintiff may or not be bound to make payments.

166.   Plaintiff is entitled to a release of Deed of trust and a return of all
monies paid to the Defendants.

WHEREFORE, Plaintiff Norman Bradford prays for judgment and order against Defendants as follows:

1. That judgment be entered in Plaintiff's favor and against Defendants, and each of them.

2. For an order requiring Defendants to show cause, if they have any, why they should not be enjoined as set forth below, during the pendency of the action.

3. For a temporary restraining order, preliminary and permanent injunction preventing Defendants, or anyone acting in concert with them, from collecting on the subject loan and from causing the Property to be sold, assigned or transferred to a third party.

4. For an order stating that Defendants engaged in unfair business practices.

5. Enter a declaratory judgment that Plaintiff gave timely and valid notice of rescission pursuant to TILA.

6. Enter a declaratory judgment adjudicating the amount due by the Plaintiff to the *__actual__* creditor in TILA rescission as to the credit transaction.

7. Enter an order exercising the Court's equitable jurisdiction to alter the timing of tender to allow the Plaintiff reasonable time to sell

the property or obtain financing to tender, of any amount due in

TILA rescission.

8. Enter a judgment in Plaintiff's favor against HSBC Mortgage

Corporation for $2,000.00 statutory damages pursuant to TILA for

HSBC Mortgage Corporation's repudiation and dishonor of the

Notice of rescission and failure to timely rescind pursuant to TILA.

9. For compensatory and statutory damages, attorney's fees and costs

according to proof at trial.

10. For exemplary damages in an amount sufficient to punish

Defendants' wrongful conduct and deter future misconduct.

11. For such other and further relief as the Court may deem just and

proper.

Under penalties of perjury, I declare that I have read the foregoing
Complaint and have personal knowledge of the facts and matters therein set
forth and averred and that each and all of these facts and matters stated in it
are true and correct.

_____
Norman Bradford

Subscribed and sworn to before me, a Notary Public, of the
Commonwealth of Virginia, this 28th day of October, 2009

MELINDA R. LOGAN
Notary Public
Commonwealth of Virginia
185650
My Commission Expires Nov 30, 2010

NOTARY PUBLIC

Dated: October 28, 2009

Norman Bradford
By Counsel

I ask for this:
Law Offices of Daniel M. Gray, LLC
By

Daniel M. Gray VSB No. 39942
Law Offices of Daniel M. Gray, LLC
7617 Virginia Avenue
Falls Church, VA 22043
(703) 204-0164
Fax (703) 204-1449
E-mail "graydm2@verizon.net"