Shapiro & Burson, LLP
13135 Lee Jackson Highway, Suite 201
Fairfax, Virginia 22033

**Bradford v. HSBC, et al.
Amended Complaint
Exhibit G**

June 2, 2009

Re: Your Account no.09-154684V

Dear Sir/Madam:

    This is not a refusal to pay, but a notice that your claim is disputed. This is a request for validation made pursuant to the Fair Debt Collection Practices Act, hereinafter (FDCPA). Further, I dispute your debt collection-related allegations, deny the same, and demand strict proof and verification thereof. This dispute, denial, and demand are made in accordance with federal law. Please complete and return the attached disclosure request form.

    You, the debt collector, must "conduct an investigation with respect to the disputed information." 15 U.S.C. § 1681s-2(b)(1)(A). This includes reviewing all information the debt collector has on the account. The seminal case on what "investigation" means is *Johnson v. MBNA American Bank, N.A.*, 357 F.3d 426 (4th Cir. 2004), which stated in relevant part as follows:

The key term at issue here, "investigation," is defined as "[a] **detailed inquiry or systematic examination**." Am. Heritage Dictionary 920 (4th ed.2000); see Webster's Third New Int'l Dictionary 1189 (1981) (defining **"investigation" as "a searching inquiry"**). Thus, the plain meaning of "investigation" clearly requires **some degree of careful inquiry by creditors**. Further, § 1681s-2(b)(1)(A) uses the term "investigation" in the context of articulating a creditor's duties in the consumer dispute process outlined by the FCRA. It would make little sense to conclude that, in *431 creating a system intended to give consumers a means to dispute-and, ultimately, correct-inaccurate information on their credit reports, Congress used the term "investigation" to include superficial, unreasonable inquiries by creditors. Cf. *Cahlin v. Gen. Motors Acceptance Corp.*, 936 F.2d 1151, 1160 (11th Cir.1991) (interpreting analogous statute governing reinvestigations of consumer disputes by credit reporting agencies to require reasonable investigations); *Pinner v. Schmidt*, 805 F.2d 1258, 1262 (5th Cir.1986) (same). **We therefore hold that § 1681s-2(b)(1) requires creditors, after receiving notice of a consumer dispute from a credit reporting agency, to conduct a reasonable investigation of their records to determine whether the disputed information can be verified**.

*Johnson*, 357 F.3d at 430-431 (emphasis added).

You are aware that I've sent a "qualified written request" in compliance with and under the Real Estate Settlement Procedures Act, 12 U.S.C. Section 2605(e), on September 27, 2008, and a rescission letter in compliance with and under the Federal Truth in lending act, 15 U.S.C. § 1635, Regulation Z § 226.23, on October, 16, 2008. I've also had several back and forth exchanges of correspondence with the Servicer HSBC, where they have misrepresented the law and other facts in an attempt to defraud the undersigned further. The difference between you and HSBC is that you have a fiduciary responsibility to provide me with the truth and to protect my interests. See *Perry V. Virginia Mortg. And Inv. Co., Inc.*, 412 A.2d 1194 (D.C. 1980).

You are also aware that once the servicer/creditor receives the rescission notice, the statute and Regulation Z mandate two steps for the servicer/creditor to comply. First, by operation of law, the security interest *automatically* becomes void and the consumer is relieved of any obligation to pay any finance or any other charge. *See* 15 U.S.C. § 1635(b); Reg. Z§§ 226.15(d)(1), 226.23(d)(1). Second, the servicer/creditor has twenty days from receipt of the consumer's cancellation notice to return (or credit back) any money given, and to take any action necessary to reflect the termination of the security interest. *See* 15 U.S.C. § 1635(b); Reg. Z§§ 226.15(d)(2), 226.23(d)(2). It's an undisputed fact that HSBC has failed and refused to comply with the statutory and regulatory mandates.

Further, you have admitted and confessed that you do not possess "the promissory note or other evidence of indebtedness secured by the deed of trust…". Virginia Code § 8.3A-309(a)(ii), and § 8.3A-309(b) mandates proof of "the right to enforce "any "promissory note or other evidence of indebtedness."

Moreover, it appears that the subject mortgage was sold to investors as part of a security instrument. The sale of this security was improper, lacking disclosure, rights to rescind under the securities laws, and lacking in disclosure as to the true nature of the transaction and the true position of the parties, including but not limited to the fact that the "lender" was in actuality acting as a conduit, removing the essential aspect of risk-sharing in the normal lender-borrower relationship, that the risk of loss was not only real but unavoidable because of the artificially inflated values, and that the Buyer should consider the purchase to be a high-risk investment with the possibility of total loss, in violation of the Securities Act of 1933 and other applicable Federal and state Securities laws. Since the sale of THIS security was part of larger plan to sell securities to "qualified" investors using false ratings and false assurances of insurance, together with a promised rate of return in excess of the revenue produced by the underlying efforts, the sale of THIS security was part of larger Ponzi scheme wherein securities were sold at both ends of the spectrum of the supplier of capital (the investor) and the consumer of the capital (the borrower). Since compensation arising from the transaction with this borrower was not disclosed to the borrower, the transaction lacked proper disclosure and is subject to rescission, compensatory and punitive damages. Hence, just for the record, in the unlikely event we do not settle this case, demand is herewith made for full satisfaction of the mortgage and note plus three times the value of the note in damages, plus attorney fees of 10%, if any, of the value of the of the claim which is the principal of the note plus three times the principal of the note.

Notwithstanding the above, you the alleged substitute trustee and HSBC have threatened foreclosure, sale and eviction of the homeowner/borrower, despite the facts that the borrower is not in default, the HSBC and trustee are ignorant of any facts to state affirmatively that the borrower is or is not in default, the HSBC is in default of its obligations under applicable Federal and State laws, the lender at the closing the servicing agent are not the real parties in interest (i.e., they lack standing to proceed to judicial or non-judicial sale). Thus, you the alleged substitute trustee and HSBC lack authority to proceed but have intentionally and fraudulently filed papers and posted notices as though the authority was present. In addition, and based on the aforesaid facts, you've been sending unsubstantiated demands for

payment through the United States Mail System, which might constitute mail fraud under federal and state law.

Because of the fraud, deception and blatant disregard for the law, it appears I'll be forced to file complaints with the Inspector General of HUD, the Comptroller of the Currency, FDIC, FTC and the Virginia State Bar or redress my grievances in a court of law to get any satisfaction. So, please be advised that any further attempts at collection or to foreclose on the subject property will result in an action for all remedies available in law and equity in both administrative proceedings, and judicial forums possessing competent jurisdiction, which I will seek damages for unfair trade practices, treble damages under applicable law for RICO, FTC violations, consequential damages and refunds, attorney fees, court costs, and all other available remedies in law or equity. I would surmise that any finder of fact would find your conduct and that of HSBC not only unlawful, but also morally repugnant.

As aforestated in my rescission letter, if you wish to discuss my tender offer or would like to settle this matter pre-filing of any complaints or legal matter, please advise.

Below are a few questions to answer, which may help you to resolve these mistakes. Your failure to satisfy this request within the requirements of the Fair Debt Collection Practices Act will be construed as your absolute waiver of any and all claims against me, and your tacit agreement to compensate me for costs and attorney fees.

In addition to the questionnaire below, please attach copies of:

- The original promissory note and state under penalty of perjury that your client named above is the holder in due course of the promissory note and will produce the original for my own and a judge's inspection should there be a trial to contest this matter.

- The account and general ledger statement showing the full accounting of the alleged obligation that you are now attempting to collect.

- Written verification from the stated holder in due course that you are authorized to act for them.

Regards,

*Norman Bradford*

PO Box 1332
Ashburn, Virginia 20146