**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

NORMAN BRADFORD

    *Plaintiff*,

v.

HSBC MORTGAGE CORPORATION,
HOME ADVANTAGE FUNDING
  GROUP,
PROFESSIONAL FORECLOSURE
  CORPORATION OF VIRGINIA,
MORTGAGE ELECTRONIC
  REGISTRATION SYSTEMS, INC.,
and
AMIR MIRZA,

    *Defendants.*

No. 1:09cv1226
TSE/JFA

## PLAINTIFF'S OPPOSITION TO HSBC AND MERS' MOTION TO DISMISS/ MOTION FOR SUMMARY JUDGMENT

    Plaintiff Norman Bradford hereby opposes the motion filed by Defendants HSBC Mortgage Corporation and Mortgage Electronic Registration Systems, Inc. ("MERS") seeking dismissal of this case or summary judgment. As a prefatory matter, Plaintiff notes that Defendants' motion was filed prior to the date on which Plaintiff filed his Amended Complaint pursuant to Fed. R. Civ. P. 15, and the Amended Complaint either addresses many of the issues raised in Defendants' motion or otherwise moots them. This opposition brief cites those instances where appropriate.

### STANDARD OF REVIEW

    "A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the complaint and should be denied unless 'it appears beyond doubt that the [P]laintiff can prove no set of facts in

1

support of his claim which would entitle him to relief.'" *Bd. of Trustees v. Sullivant Ave. Props., LLC*, 508 F. Supp. 2d 473, 475 (E.D. Va. 2007) (Cacheris, J.) (citations omitted; alteration in original) (quoting *De Sole v. U.S.*, 947 F.2d 1169, 1177 (4th Cir. 1991)). "In passing on a motion to dismiss, the material allegations of the complaint are taken as admitted. Moreover, the complaint is to be liberally construed in favor of Plaintiff. In addition, a motion to dismiss must be assessed in light of Rule 8's liberal pleading standards, which require only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Id.* (quotation marks and citations omitted) (citing *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969), and Fed. R. Civ. P. 8). The appropriate standard of review consists of a "plausibility standard" that looks to whether the relief sought is "plausible." *Sierra Club v. Kempthorne*, 589 F. Supp. 2d 720, 727 (W.D. Va. 2008) (Williams, J.) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554–57 (2006). "Asking for plausible grounds … does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence" of what is claimed. *Twombly*, 550 U.S. at 556. The standard is that "once a claim has been stated adequately, it may be supported by showing *any* set of facts consistent with the allegations in the complaint." *Id.* at 563.

A stricter rule of pleading does apply to fraud claims in view of Fed. R. Civ. P. 9(b)'s requirement that "a party must state with particularity the circumstances constituting fraud or mistake." Notably, however, "Rule 9(b) does not require a dissertation. Rather, a concise statement of 'who, what, when, where, and why' is sufficient …." *Morris v. Wachovia Securities, Inc.*, 277 F. Supp. 2d 622, 645 (E.D. Va. 2003) (Payne, J.).

**ARGUMENT**

I. **PLAINTIFF'S COMPLAINT AND AMENDED COMPLAINT PROPERLY ASSERT TILA CLAIMS AGAINST DEFENDANT HSBC.**

Defendants' motion to dismiss relies on two grounds in arguing for dismissal of Plaintiff's TILA claim against HSBC: (1) the claim is allegedly time-barred; (2) Plaintiff did not have a right to rescission under TILA. Both arguments are erroneous.

    A.    **Plaintiff's TILA Claims Were Timely Brought.**

Defendants' motion to dismiss notes that TILA gives consumers a three-day right of rescission as to consumer loan transactions. (HSBC/MERS Br. at 5.) They state that this right expires on the latter of three years after the consummation of the loan transaction or three days after the delivery of accurate material disclosures required by TILA. (*Id.* (citing 15 U.S.C. § 1635(f).)

Defendants' discussion, however, omits an important aspect of TILA. TILA further provides that if the required notice of cancellation is not provided to the borrower, or if the required "material disclosures" are not delivered to the borrower, then the right to cancel extends for three years after the date of the loan. Alternatively, TILA provides that if the facts of the transaction were hidden from the consumer, the right to cancel extends for three years from the date the consumer discovered the hidden facts. 15 U.S.C. § 1635(f).

In this case, the original Complaint alleges that Plaintiff did not receive the required "material disclosures" under TILA prior to closing as required[1] (Cmplt. ¶ 32) and that the facts

---

[1] Defendants erroneously claim that "the allegedly missing required disclosures are not identified with specificity." (HSBC/MERS Br. at 6, citing Cmplt. ¶ 64.) In so claiming, however, Defendants ignore the more detailed statements set forth in the factual section of the Complaint. It is standard practice for pleadings to contain allegations of fact in one section and causes of action in another section without re-stating the factual allegations every time. Plaintiff's Complaint here is no exception to this general principle. As to the TILA claims, for example, Paragraph 55 expressly adopts the factual allegations by reference, and Paragraph 32 states Defendants' failure to provide the required TILA disclosures. As stated

of the transaction were hidden from Plaintiff (Cmplt. ¶ 33). The Amended Complaint clarifies the allegations about Defendants' failure to provide the documentation to underscore that the TILA disclosures were never provided. (Am. Cmplt. ¶¶ 24, 28–29.) In either case, Rule 12(b)(6) case law requires that these allegations of fact be accepted as true. Application of TILA to the facts of this case therefore establishes that Plaintiff's right of rescission extended, at a minimum, to three years after the date of the loan.

The original Complaint's allegations regarding rescission admittedly contain two conflicting paragraphs. Defendants, naturally, rely only on the paragraph that favors them, citing to Paragraph 66, which states that the Complaint constituted notice of rescission.[2] (HSBC/MERS Br. at 6.) The original Complaint also alleged, however, that Plaintiff mailed a notice of rescission to Defendant HSBC on or about October 16, 2008, and a copy of that letter is attached to the original Complaint as Exhibit B. (Cmplt. ¶ 36.) As shown above, the allegations of the Complaint establish that Plaintiff had, at a minimum, three years from the date of the loan to exercise his right of rescission. Because the date of the loan transaction was September 20, 2006, Plaintiff's rescission letter was timely because it was sent within three years, regardless of whether the facts of the loan were hidden from Plaintiff.

Moreover, the Amended Complaint more clearly alleges that during September 2008, Plaintiff learned that facts were hidden from him regarding his mortgage loan transaction, such that the right to rescind extends to three years from the date on which Plaintiff discovered the hidden facts. Taking the most restrictive view, i.e. assuming *arguendo* that Plaintiff discovered

---

in the text of this brief, the Amended Complaint alleges these facts in a clearer fashion, but it maintains the procedure of adopting the factual allegations by reference within each cause of action.

[2] In order to clarify the facts relating to the rescission letter, the Amended Complaint removes the statement that the pleading itself constitutes the notice of rescission. The notice of rescission was delivered in October 2008. (Am. Cmplt. ¶ 38.)

all of the hidden facts at one time in September 2008, the right of rescission would therefore extend through September 2011. Plaintiff issued his notice of rescission barely a month later and then filed the original complaint in this case in October 2009, well within the three-year limitations period.

        **B.**        **Plaintiff's Rescission Letter Was Effective.**

Perhaps recognizing the weakness of relying solely on Paragraph 66 of the original Complaint as a basis for arguing that Plaintiff's TILA claims are time-barred, Defendants then argue that Plaintiff's 2008 rescission letter was ineffective because it "did not assert any basis for extending the rescission period beyond the typical 3-day period provided by TILA." (HSBC/MERS Br. at 6.) The case law cited by Defendants, however, does not require that the rescission letter do this. The case law simply states that the Fourth Circuit follows a rule whereby the creditor may contest a rescission, as Defendants here have done.

Defendants next allege that "neither the Complaint nor the October 16, 2008[,] correspondence were [sic] effective to rescind the loan, as they did not offer to tender funds pursuant to TILA, nor did they allege factual content to make the tender obligations plausible." (HSBC/MERS Br. at 7.) This statement is incorrect. The 2008 letter plainly states that Plaintiff was "prepared to discuss a tender obligation" and asked HSBC to provide him with financial data relating to his loan to allow him to calculate the amount of the tender. (Cmplt. Ex. B.) The original Complaint echoes this statement, as Paragraph 53 alleges that Plaintiff believes that if this case results in a judgment for Plaintiff, he will be able to tender the funds (net of any credits for mortgage payments he made and any statutory damages he is awarded). Paragraph 54 notes that Plaintiff does not know the exact amount of any tender obligation, thus explaining why Plaintiff alleged this matter generally. The Amended Complaint clarifies these allegations and moves them into the TILA count, instead of in the factual section. (Am. Cmplt. ¶¶ 67–69.)

5

Plaintiff's letter, and his original and amended Complaints, thus satisfy the rule set forth in the very case law cited by Defendants, as he "allege[d] that [he] can or will tender the borrowed funds back to the Lender." (HSBC/MERS Br. at 7, quoting *Edelman v. Bank of Am. Corp.*, No. 09CV00309, slip op. at 3 (C.D. Cal. Apr. 17, 2009).) Defendants' motion to dismiss appears to envision an allegation along the lines of a statement that Plaintiff has $x$ set aside in a specific bank account ready for payment. Plaintiff submits that the case law and Rule 8 do not require that level of detail in a pleading.

Accordingly, Defendants' motion to dismiss Plaintiff's TILA counts should be denied.

## II. PLAINTIFF HAS STATED A PROPER FDCPA CAUSE OF ACTION, ESPECIALLY AS CLARIFIED IN THE AMENDED COMPLAINT.

Defendants allege that Plaintiff's FDCPA count fails because Defendants are not susceptible to liability under that statute. Defendants' arguments are wrong.

First, Defendants argue that the FDCPA does not apply to a creditor seeking to collect its own debt, and they contend that "Plaintiff failed to allege facts showing that Defendants HSBC and MERS attempted to collect a debt owed to another." (HSBC/MERS Br. at 8–9.) The original Complaint is admittedly unclear on this front. The Amended Complaint clarifies these allegations, and accordingly Plaintiff submits that the Court may wish simply to deny Defendants' motion without prejudice to re-filing it in light of the Amended Complaint. The Amended Complaint notes (citing to a document that is also attached to Defendants' motion to dismiss as Exhibit D) that HSBC apparently sold Plaintiff's loan to GMAC Bank, although Plaintiff continued to receive mortgage bills from HSBC. (Am. Cmplt. ¶ 47 and Ex. H.) By Defendants' own admission, therefore, HSBC has not been acting as a "creditor" seeking to collect a debt owed to HSBC. The Amended Complaint alleges that HSBC and MERS have used instrumentalities of interstate commerce, including the U.S. Mail, in the course of attempting to

collect a purported debt that they admit is owed to somebody other than them. These defendants fall squarely within the definition of "debt collector" as that term is defined in 15 U.S.C. § 1692a.

Second, Defendants contend that foreclosure on a deed of trust does not constitute collection of a debt under the FDCPA. (HSBC/MERS Br. at 9, citing *Heinemann v. Jim Walter Homes, Inc.*, 47 F. Supp. 2d 716, 722 (N.D. W. Va. 1998), *aff'd*, 173 F.3d 850 (4th Cir. 1999).) More recent Fourth Circuit precedent, however, states otherwise:

> Defendants contend that foreclosure by a trustee under a deed of trust is not the enforcement of an obligation to pay money or a "debt," but is a termination of the debtor's equity of redemption relating to the debtor's property. In essence, Defendants argue that Wilson's "debt" ceased to be a "debt" once foreclosure proceedings began. …
>
> We disagree. Wilson's "debt" remained a "debt" even after foreclosure proceedings commenced. Furthermore, Defendants' actions surrounding the foreclosure proceeding were attempts to collect that debt.
>
> Defendants' argument, if accepted, would create an enormous loophole in the Act immunizing any debt from coverage if that debt happened to be secured by a real property interest and foreclosure proceedings were used to collect the debt. We see no reason to make an exception to the Act when the debt collector uses foreclosure instead of other methods.

*Wilson v. Draper & Goldberg, P.L.L.C.*, 443 F.3d 373, 376 (4th Cir. 2006) (citations omitted).

Third, the Amended Complaint alleges that HSBC and MERS made false reports to credit reporting agencies and failed to notify the credit reporting agencies that Plaintiff disputed the validity of the purported debt to which the reports related. This sort of conduct is a violation of the FDCPA, 15 U.S.C. § 1692e.

Accordingly, the Court should either deny Defendants' motion to dismiss this count or allow them to re-assert it in view of the Amended Complaint.

### III. THE COURT SHOULD DENY THE PORTION OF DEFENDANTS' MOTION RELATING TO THE BREACH OF FIDUCIARY DUTY AND THE NEGLIGENCE COUNT AS MOOT.

Part III of Defendants' brief relates to the negligence and breach of fiduciary duty counts in the original Complaint. In the Amended Complaint, Plaintiff has re-stated the breach of fiduciary duty cause of action to apply only to Defendant Professional Foreclosure Corporation and has dropped the negligence claim. Accordingly, the Court should deny this portion of Defendants' motion to dismiss on the basis that it is moot.

### IV. THE AMENDED COMPLAINT CLARIFIES THE RESPA CLAIM AGAINST HSBC.

Defendants seek dismissal of the RESPA count in the original complaint on the basis that it is time-barred because "the majority of the allegations … allege violations which occurred at the time the loan was consummated, i.e., September 20, 2006." (HSBC/MERS Br. at 11.) In recognition that the activities surrounding the origination of the loan in 2006 were performed by Defendants Home Advantage Funding Group and Amir Mirza, the Amended Complaint clarifies the allegations to explain that HSBC's RESPA violations relate to said Defendant's failure to respond in a timely and proper fashion to Plaintiff's Qualified Written Request in 2008. (Am. Cmplt. Count V.) No cause of action for such violations could accrue until HSBC actually violated RESPA by failing to respond in a timely fashion or by responding in an improper fashion. Plaintiff's QWR was dated September 27, 2008 (Am. Cmplt. Ex. C), and HSBC's first response to it was dated November 21, 2008 (Am. Cmplt. Ex. D). Because this case was filed on October 29, 2009, it was timely filed.

Defendants also seek to argue on the merits that Plaintiff's QWR was inadequate because Plaintiff did not satisfactorily state his belief that his account was in error. (HSBC/MERS Br. at 11.) This argument was a stretch in 2008 and it remains a stretch now. The first two pages of

8

Plaintiff's QWR (Ex. A to Cmplt.; Ex. C to Am. Cmplt.) discuss Plaintiff's concern over the ample news media reports of fraudulent lending over the last several years and his desire to verify that his loan had not had, for example, the monthly payments fraudulently increased, or improper fees charged, or various other actions taken as set forth in the QWR. Plaintiff requested that HSBC "insure that I have not been the victim of such predatory servicing and lending practices." (Cmplt. Ex. A at 2; Am. Cmplt. Ex. C at 2.) This request is sufficient as a matter of law under RESPA. Defendants' motion to dismiss fails to quote the entire relevant statutory provision. RESPA provides, in pertinent part, that

> a qualified written request shall be a written correspondence, other than notice on a payment coupon or other payment medium supplied by the servicer, that … (ii) includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error *or provides sufficient detail to the servicer regarding other information sought by the borrower.*

12 U.S.C. § 2605(e)(1)(B)(ii) (emphasis supplied).[3] Defendants' argument omits the italicized language, but that language is crucial. Defendants cannot contend with a straight face that Plaintiff's letter failed to notify them in intense detail of the information he sought.

Accordingly, Defendants' motion to dismiss the RESPA count against HSBC should be denied.

## V.     THE AMENDED COMPLAINT CLARIFIES THE FRAUD CLAIM.

Defendants have moved to dismiss the fraud count in the original Complaint on the basis that it contains insufficient detail. The Amended Complaint re-pleads the count (which is now Count VIII), and the associated portion of the factual section, to provide additional detail in support of this claim and to explain how Plaintiff reasonably relied to his detriment on

---

[3] Defendants' motion to dismiss cites to 12 U.S.C. § 1205, which is a copyright statute. Plaintiff assumes this was a simple error and that Defendants meant to cite to Section 2605.

9

Defendants' material misrepresentations. The Amended Complaint also clarifies why Defendants' statute of limitations argument is incorrect. Accordingly, the Court should deny the motion to dismiss these counts.

## VI.   ARGUMENTS VI (BREACH OF CONTRACT), VII (WRONGFUL FORECLOSURE), AND VIII (CIVIL CONSPIRACY/SET ASIDE NOTE) SHOULD BE DENIED AS MOOT.

The Amended Complaint drops the causes of action for breach of contract, wrongful foreclosure, and civil conspiracy. Accordingly, Defendants' motions to dismiss those counts should be denied as moot. The Amended Complaint also drops the standalone count seeking to set aside or vacate Plaintiff's mortgage note and Deed of Trust because the relief sought in that count is more properly folded into the TILA count. Accordingly, the Court should either deny that part of Defendants' motion as moot or else deny it without prejudice to Defendants reasserting the argument in a renewed motion applicable to the TILA count.

## **CONCLUSION**

For the foregoing reasons, Defendants HSBC and MERS' motion to dismiss this case should be denied.

Dated: August 5, 2010

                                                 Respectfully submitted,

/s/_____
Daniel M. Gray
VSB #39942
Law Offices of Daniel M. Gray, LLC
7617 Virginia Avenue
Falls Church, VA  22043
703-204-0164
Fax 703-204-1449
graydm2@verizon.net

Richard B. Rogers
VSB #43148
Richard B. Rogers plc
6606 Thurlton Drive
Alexandria, VA  22315-2649
571-969-1727
(Fax: Please call first)
Richard_B_Rogers@msn.com

*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on this the 5th day of August, 2010, I electronically filed the foregoing Opposition to HSBC and MERS' Motion to Dismiss/Motion for Summary Judgment via the Court's CM/ECF system, which will send notification of such filing to the following counsel registered for electronic service:

Robert R. Michael
Bierman, Geesing, Ward & Wood, LLC
8100 Three Chopt Road, Suite 240
Richmond, VA  23229
*(Counsel for HSBC and MERS)*

Joseph J. Shannon
Shapiro & Burson, LLP
13531 Lee Jackson Memorial Highway
Suite 201
Fairfax, VA  22033
*(Counsel for Professional Foreclosure Corporation)*

On the 6th day of August, 2010, I also served a true and correct copy via U.S. Mail upon the following party for whom counsel has not yet entered an appearance:

Home Advantage Funding Group
3330 Harbor Boulevard
3d Floor
Costa Mesa, CA  92626-1548
*(Defendant)*

/s/
Daniel M. Gray
VSB #39942
Law Offices of Daniel M. Gray, LLC
7617 Virginia Avenue
Falls Church, VA  22043
703-204-0164
Fax 703-204-1449
graydm2@verizon.net

Richard B. Rogers
VSB #43148
Richard B. Rogers plc
6606 Thurlton Drive
Alexandria, VA  22315-2649
571-969-1727
(Fax: Please call first)
Richard_B_Rogers@msn.com

*Counsel for Plaintiff*