**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINA
ALEXANDRIA DIVISION**

| | |
|---|---|
| **NORMAL BRADFORD**, | * |
| | * |
| Plaintiff, | * |
| v. | *     Civil Action No: 1:09-cv-1226 TSE |
| | * |
| | * |
| **HSBC MORTGAGE CORP., et al.** | * |
| | * |
| Defendants. | * |

<u>**PFC'S ANSWER TO AMENDED COMPLAINT**</u>

Professional Foreclosure Corporation of Virginia ("PFC") hereby answers the Amended

Complaint filed by Plaintiff Norman Bradford, as follows:

1.      The allegations of paragraph 1 constitute a legal opinion, and no response is

required.  If a response is required, the allegations are denied.

2.      The allegations of paragraph 2 constitute a legal opinion, and no response is

required.  If a response is required, the allegations are denied.

3.      The allegations of paragraph 3 constitute a legal opinion, and no response is

required.  If a response is required, the allegations are denied.

4.      The allegations of paragraph 4 constitute a legal opinion, and no response is

required.  If a response is required, the allegations are denied.

5.      The allegations of paragraph 5 are denied as to this defendant, who has

insufficient information to admit or deny the allegations as to the remaining allegations as

stated.

6.      The allegations of paragraph 6 are denied.

7.      PFC has insufficient information to admit or deny the allegations of paragraph 7,

and therefore denies same.

8.    PFC has insufficient information to admit or deny the allegations of paragraph 8, and therefore denies same.

9.    The allegations of paragraph 9 constitute a legal opinion, and no response is required.  If a response is required, PFC has insufficient information to admit or deny the allegations.

10.    The allegations of paragraph 9 reference a document, which speaks for itself. To the extent that the allegations mischaracterize the document or misstate its content, they are denied.  As to the balance of the allegations, PFC has insufficient information to admit or deny the allegations of paragraph 9, and therefore denies same.

11.    PFC has insufficient information to admit or deny the allegations of paragraph 11, and therefore denies same.

12.    PFC has insufficient information to admit or deny the allegations of paragraph 12, and therefore denies same.

13.    PFC has insufficient information to admit or deny the allegations of paragraph 13, and therefore denies same.

14.    PFC has insufficient information to admit or deny the allegations of paragraph 14, and therefore denies same.

15.    PFC has insufficient information to admit or deny the allegations of paragraph 15, and therefore denies same.

16.    PFC has insufficient information to admit or deny the allegations of paragraph 16, and therefore denies same.

17.    PFC has insufficient information to admit or deny the allegations of paragraph

17, and therefore denies same.

18.     PFC has insufficient information to admit or deny the allegations of paragraph 18, and therefore denies same.

19.     PFC has insufficient information to admit or deny the allegations of paragraph 19, and therefore denies same.

20.     PFC has insufficient information to admit or deny the allegations of paragraph 20, and therefore denies same.

21.     PFC has insufficient information to admit or deny the allegations of paragraph 21, and therefore denies same.

22.     PFC has insufficient information to admit or deny the allegations of paragraph 22, and therefore denies same.

23.     PFC has insufficient information to admit or deny the allegations of paragraph 23, and therefore denies same.

24.     PFC has insufficient information to admit or deny the allegations of paragraph 24, and are therefore denied

25.     The allegations of paragraph 25 reference a document, which speaks for itself. To the extent that the allegations mischaracterize the document or misstate its content, they are denied.

26.     PFC has insufficient information to admit or deny the allegations of paragraph 26 and therefore denies same.

27.     PFC has insufficient information to admit or deny the allegations of paragraph 27 and therefore denies same.

28.     The allegations of paragraph 28 constitute a legal opinion, and no response is

required.  If a response is required, the allegations are denied.

29.     The allegations of paragraph 29 constitute a legal opinion, and no response is required.  If a response is required, the allegations are denied.

30.     PFC has insufficient information to admit or deny the allegations of paragraph 30 and therefore denies same.

31.     PFC has insufficient information to admit or deny the allegations of paragraph 31 and therefore denies same.

32.     PFC has insufficient information to admit or deny the allegations of paragraph 32 and therefore denies same.

33.     PFC has insufficient information to admit or deny the allegations of paragraph 33 and therefore denies same.

34.     PFC has insufficient information to admit or deny the allegations of paragraph 34 and therefore denies same.

35.     The allegations of paragraph 35 reference a document, which speaks for itself. To the extent that the allegations mischaracterize the document or misstate its content, they are denied.  As to allegations concerning the legal import, effect, or character of the document, such allegations constitute a legal opinion, and no response is required, and if a response is required, the allegation is denied.  PFC has insufficient information to admit or deny the balance of the allegations of the paragraph and they are therefore denied.

36.     The allegations of paragraph 36 constitute a legal opinion, and no response is required.  If a response is required, the allegations are denied.

37.     The allegations of paragraph 37 reference a document, which speaks for itself. To the extent that the allegations mischaracterize the document or misstate its content, they are

4

denied.  The balance of the allegations constitutes a legal opinion, and no response is required.

38.    The allegations of paragraph 38 reference a document, which speaks for itself. To the extent that the allegations mischaracterize the document or misstate its content, they are denied.  As to allegations concerning the legal import, effect, or character of the document, such allegations constitute a legal opinion, and no response is required, and if a response is required, the allegation is denied.  PFC has insufficient information to admit or deny the balance of the allegations of the paragraph and they are therefore denied.

39.    The allegations of paragraph 39 reference a document(s), each of which speaks for itself.  To the extent that the allegations mischaracterize the document or misstate its content, they are denied.  As to allegations concerning the legal import, effect, or character of the document, such allegations constitute a legal opinion, and no response is required, and if a response is required, the allegation is denied.  PFC has insufficient information to admit or deny the balance of the allegations of the paragraph and they are therefore denied.

40.    The allegations of paragraph 40 reference a document(s), each of which speaks for itself.  To the extent that the allegations mischaracterize the document or misstate its content, they are denied.  As to allegations concerning the legal import, effect, or character of the document, such allegations constitute a legal opinion, and no response is required, and if a response is required, the allegation is denied.

41.    PFC has insufficient information to admit or deny the allegations of paragraph 41 and therefore denies same.

42.    PFC has insufficient information to admit or deny the allegations of paragraph 42 and therefore denies same.

43.    PFC has insufficient information to admit or deny the allegations of paragraph

5

43 and therefore denies same.

44.     PFC has insufficient information to admit or deny the allegations of paragraph 44 and therefore denies same.

45.     The allegations of paragraph 45 reference a document, which speaks for itself. To the extent that the allegations mischaracterize the document or misstate its content, they are denied.  As to allegations concerning the legal import, effect, or character of the document, such allegations constitute a legal opinion, and no response is required, and if a response is required, the allegation is denied.

46.     The allegations of paragraph 46 reference a document, which speaks for itself. To the extent that the allegations mischaracterize the document or misstate its content, they are denied.  As to allegations concerning the legal import, effect, or character of the document, such allegations constitute a legal opinion, and no response is required, and if a response is required, the allegation is denied.

47.     The allegations of paragraph 47 reference a document, which speaks for itself. To the extent that the allegations mischaracterize the document or misstate its content, they are denied.  PFC has insufficient information to admit or deny the balance of the allegations of the paragraph and they are therefore denied.

48.     The allegations of paragraph 48 reference document(s), which speaks for itself. To the extent that the allegations mischaracterize the document or misstate its content, they are denied.  As to allegations concerning the legal import, effect, or character of the document, such allegations constitute a legal opinion, and no response is required, and if a response is required, the allegation is denied.

49.     To the extent that the allegations of paragraph 49 reference a document(s), it

6

speaks for itself.  To the extent that the allegations mischaracterize the document and or

communication or misstate its content, they are denied.  As to allegations concerning the legal

import, effect, or character of the document, such allegations constitute a legal opinion, and no

response is required, and if a response is required, the allegation is denied. As to non-

documentary communications, the allegation is denied.

50.     The allegations of paragraph 50 do not require a response.  To the extent that a

response is required, PFC incorporates by reference its response to each of the referenced

allegations.

51.     The allegations of paragraph 51 constitute a legal opinion, and no response is

required.  If a response is required, the allegations are denied.

52.     The allegations of paragraph 52 constitute a legal opinion, and no response is

required.  If a response is required, the allegations are denied.

53.     The allegations of paragraph 53 constitute a legal opinion, and no response is

required.  If a response is required, the allegations are denied.

54.     The allegations of paragraph 54 constitute a legal opinion, and no response is

required.  If a response is required, the allegations are denied.

55.     The allegations of paragraph 55 constitute a legal opinion, and no response is

required.  If a response is required, the allegations are denied.

56.     The allegations of paragraph 56 constitute a legal opinion, and no response is

required.  If a response is required, the allegations are denied.

57.     PFC has insufficient information to admit or deny the allegations of paragraph

57 and therefore denies same.

58.     The allegations of paragraph 58 constitute a legal opinion, and no response is

required.  If a response is required, the allegations are denied.

59.     The allegations of paragraph 59 constitute a legal opinion, and no response is required.  If a response is required, the allegations are denied.

60.     The allegations of paragraph 60 constitute a legal opinion, and no response is required.  If a response is required, the allegations are denied.

61.     The allegations of paragraph 61 constitute a legal opinion, and no response is required.  If a response is required, the allegations are denied.

62.     The allegations of paragraph 62 constitute a legal opinion, and no response is required.  If a response is required, the allegations are denied.

63.     The allegations of paragraph 63 constitute a legal opinion, and no response is required.  If a response is required, the allegations are denied.

64.     The allegations of paragraph 64 constitute a legal opinion, and no response is required.  If a response is required, the allegations are denied.

65.     The allegations of paragraph 65 constitute a legal opinion, and no response is required.  If a response is required, the allegations are denied.

66.     The allegations of paragraph 66 constitute a legal opinion, and no response is required.  If a response is required, the allegations are denied.

67.     PFC has insufficient information to admit or deny the allegations of paragraph 67 and therefore denies same.

68.     PFC has insufficient information to admit or deny the allegations of paragraph 68 and therefore denies same.

69.     PFC has insufficient information to admit or deny the allegations of paragraph 69 and therefore denies same.

70.     The allegations of paragraph 70 constitute a legal opinion, and no response is required.  If a response is required, the allegations are denied.

71.     The allegations of paragraph 71 constitute a legal opinion, and no response is required.  If a response is required, the allegations are denied.

72.     The allegations of paragraph 72 constitute a legal opinion, and no response is required.  If a response is required, the allegations are denied.

73.     The allegations of paragraph 73 do not require a response.  To the extent that a response is required, PFC incorporates by reference its response to each of the referenced allegations.

74.     The allegations of paragraph 74 constitute a legal opinion, and no response is required.  If a response is required, the allegations are denied.

75.     The allegations of paragraph 75 constitute a legal opinion, and no response is required.  If a response is required, the allegations are denied.

76.     The allegations of paragraph 76 constitute a legal opinion, and no response is required.  If a response is required, the allegations are denied.

77.     The allegations of paragraph 77 reference a document, which speaks for itself. To the extent that the allegations mischaracterize the document or misstate its content, they are denied.  As to allegations concerning the legal import, effect, or character of the document, such allegations constitute a legal opinion, and no response is required, and if a response is required, the allegation is denied.

78.     The allegations of paragraph 78 reference a document, which speaks for itself. To the extent that the allegations mischaracterize the document or misstate its content, they are denied.  As to allegations concerning the legal import, effect, or character of the document,

such allegations constitute a legal opinion, and no response is required, and if a response is required, PFC has insufficient information to admit or deny the allegations and they are therefore denied.

79.     The allegations of paragraph 79 constitute a legal opinion, and no response is required.  If a response is required, the allegations are denied.

80.     The allegations of paragraph 80 reference a document, which speaks for itself. To the extent that the allegations mischaracterize the document or misstate its content, they are denied.  As to allegations concerning the legal import, effect, or character of the document, such allegations constitute a legal opinion, and no response is required, and if a response is required, they are therefore denied.

81.     The allegations of paragraph 81 constitute a legal opinion, and no response is required.  If a response is required, the allegations are denied.

82.     The allegations of paragraph 82 constitute a legal opinion, and no response is required.  If a response is required, the allegations are denied.

83.     The allegations of paragraph 83 do not require a response.  To the extent that a response is required, PFC incorporates by reference its response to each of the referenced allegations.

84.     The allegations of paragraph 84 are denied.

85.     The allegations of paragraph 85 are denied.

86.     The allegations of paragraph 86 are denied.

87.     The allegations of paragraph 87 are denied.

88.     The allegations of paragraph 88 do not require a response.  To the extent that a response is required, PFC incorporates by reference its response to each of the referenced

10

allegations.

89.     The allegations of paragraph 89 reference a document, which speaks for itself. To the extent that the allegations mischaracterize the document or misstate its content, they are denied.  As to allegations concerning the legal import, effect, or character of the document, such allegations constitute a legal opinion, and no response is required, and if a response is required, the allegation is denied.  PFC has insufficient information to admit or deny the balance of the allegations of the paragraph and they are therefore denied.

90.     The allegations of paragraph 90 reference a document, which speaks for itself. To the extent that the allegations mischaracterize the document or misstate its content, they are denied.  As to allegations concerning the legal import, effect, or character of the document, such allegations constitute a legal opinion, and no response is required, and if a response is required, the allegation is denied.  The balance of the allegation constitutes a legal opinion, and no response is required.  If a response is required, the allegations are denied.

91.     The allegations of paragraph 91 reference a document, which speaks for itself. To the extent that the allegations mischaracterize the document or misstate its content, they are denied.  As to allegations concerning the legal import, effect, or character of the document, such allegations constitute a legal opinion, and no response is required, and if a response is required, the allegation is denied.  PFC has insufficient information to admit or deny the balance of the allegations of the paragraph and they are therefore denied.

92.     The allegations of paragraph 92 constitute a legal opinion, and no response is required.  If a response is required, the allegations are denied.

93.     The allegations of paragraph 93 reference a document(s), which speaks for itself.  To the extent that the allegations mischaracterize the document or misstate its content,

11

they are denied.  As to allegations concerning the legal import, effect, or character of the document, such allegations constitute a legal opinion, and no response is required.  The balance of the allegations constitutes a legal opinion, and no response is required.  If a response is required, PFC has insufficient information to admit or deny the allegations and they are therefore denied.

94.     The allegations of paragraph 92 constitute a legal opinion, and no response is required.  If a response is required, the allegations are denied.

95.     The allegations of paragraph 95 do not require a response.  To the extent that a response is required, PFC incorporates by reference its response to each of the referenced allegations.

96.     The allegations of paragraph 96 constitute a legal opinion, and no response is required.  If a response is required, the allegations are denied.

97.     The allegations of paragraph 97 constitute a legal opinion, and no response is required.  If a response is required, the allegations are denied.

98.     PFC has insufficient information to admit or deny the allegations of paragraph 98 and they are therefore denied.

99.     The allegations of paragraph 99 constitute a legal opinion, and no response is required.  If a response is required, the allegations are denied.

100.    The allegations of paragraph 100 constitute a legal opinion, and no response is required.  If a response is required, PFC has insufficient information to admit or deny the allegations of the paragraph and they are therefore denied.

101.    The allegations of paragraph 101 constitute a legal opinion, and no response is required.  If a response is required, the allegations are denied as to this Defendant, and

otherwise, PFC has insufficient information to admit or deny the allegations of the paragraph and they are therefore denied.

102.     The allegations of paragraph 102 are denied as to this Defendant, and otherwise, PFC has insufficient information to admit or deny the allegations of the paragraph and they are therefore denied.

103.     The allegations of paragraph 103 constitute a legal opinion, and no response is required.  If a response is required, PFC has insufficient information to admit or deny the allegations of the paragraph and they are therefore denied.

104.     The allegations of paragraph 104 constitute a legal opinion, and no response is required.  If a response is required, the allegations are denied as to this Defendant, and otherwise, PFC has insufficient information to admit or deny the allegations of the paragraph and they are therefore denied.

105.     The allegations of paragraph 105 do not require a response.  To the extent that a response is required, PFC incorporates by reference its response to each of the referenced allegations.

106.     The allegations of paragraph 106 constitute a legal opinion, and no response is required.  If a response is required, the allegations are denied.

107.     The allegations of paragraph 107 constitute a legal opinion, and no response is required.  If a response is required, the allegations are denied.

108.     The allegations of paragraph 108 are denied as stated.

109.     The allegations of paragraph 109 constitute a legal opinion, and no response is required.  If a response is required, the allegations are denied.

110.     The allegations of paragraph 110 constitute a legal opinion, and no response is

required.  If a response is required, the allegations are denied.

111.    The allegations of paragraph 111 do not require a response.  To the extent that a response is required, PFC incorporates by reference its response to each of the referenced allegations.

112.    The allegations of paragraph 112 constitute a legal opinion, and no response is required.  If a response is required, the allegations are denied.

113.    The allegations of paragraph 113 are denied as stated.

114.    The allegations of paragraph 114 constitute a legal opinion, and no response is required.  If a response is required, the allegations are denied.

115.    The allegations of paragraph 115 reference a document, which speaks for itself. To the extent that the allegations mischaracterize the document or misstate its content, they are denied.  As to allegations concerning the legal import, effect, or character of the document, such allegations constitute a legal opinion, and no response is required, and if a response is required, the allegation is denied.

116.    The allegations of paragraph 116 constitute a legal opinion, and no response is required.  If a response is required, the allegations are denied.

117.    The allegations of paragraph 117 constitute a legal opinion, and no response is required.  If a response is required, the allegations are denied.

118.    The allegations of paragraph 118 do not require a response.  To the extent that a response is required, PFC incorporates by reference its response to each of the referenced allegations.

119.    The allegations of paragraph 119 constitute a legal opinion, and no response is required.  If a response is required, PFC has insufficient information to admit or deny the

allegations of the paragraph and they are therefore denied.

120.     The allegations of paragraph 120 constitute a legal opinion, and no response is required.  If a response is required, PFC has insufficient information to admit or deny the allegations of the paragraph and they are therefore denied.

121.     The allegations of paragraph 121 constitute a legal opinion, and no response is required.  If a response is required, PFC has insufficient information to admit or deny the allegations of the paragraph and they are therefore denied.

122.     The allegations of paragraph 122 are denied as to this Defendant, and otherwise PFC has insufficient information to admit or deny the allegations of the paragraph and they are therefore denied.

123.     The allegations of paragraph 123 constitute a legal opinion, and no response is required.  If a response is required, the allegations are denied as to this Defendant, and otherwise PFC has insufficient information to admit or deny the allegations of the paragraph and they are therefore denied.

124.     The allegations of paragraph 124 constitute a legal opinion, and no response is required.  If a response is required, the allegations are denied as to this Defendant, and otherwise PFC has insufficient information to admit or deny the allegations of the paragraph and they are therefore denied.

125.     The allegations of paragraph 125 constitute a legal opinion, and no response is required.  If a response is required, the allegations are denied as to this Defendant, and otherwise PFC has insufficient information to admit or deny the allegations of the paragraph and they are therefore denied.

126.     The allegations of paragraph 125 constitute a legal opinion, and no response is

required.  If a response is required, the allegations are denied as to this Defendant, and otherwise PFC has insufficient information to admit or deny the allegations of the paragraph and they are therefore denied.

127.    The allegations of paragraph 127 constitute a legal opinion, and no response is required.  If a response is required, the allegations are denied.

128.    The allegations of paragraph 128 constitute a legal opinion, and no response is required.  If a response is required, the allegations are denied.

129.    All allegations that are not expressly admitted are hereby denied, and as to all allegations denied, strict proof is hereby demanded.

## AFFIRMATIVE DEFENSES

1.    Plaintiff fails to state a cause of action for which relief may be granted as a matter of law.

2.    Plaintiff's claims are barred by the applicable statute of limitation and/or repose.

3.    Plaintiff's claims are barred by the doctrine of laches, waiver and/or estoppel.

4.    Plaintiff failed to mitigate his damages, none being admitted.

5.    PFC's conduct is privileged under state and/or federal law.

6.    Plaintiff has failed to properly exercise and/or perfect any rescission claim, none being admitted.

7.    Plaintiff's claims may be barred under the doctrine of unclean hands.

8.    PFC reserves the right to assert any additional or other defenses that may become available, through discovery or at the trial of this matter.

WHEREFORE, having fully answered, PFC respectfully requests that the Complaint be dismissed as to it, that it be awarded its fees in the action, and for such other relief as may be

just and proper.

Respectfully Submitted,
**PROFESSIONAL FORECLOSURE**
**CORPORATION OF VIRGINIA**
By Counsel

RATHBUN & GOLDBERG, P.C.
10555 Main Street, Suite 450
Fairfax, Virginia  22030
Phone:  (703) 383-9580
Fax:  (703) 383-9584

By_/s/ *Bizhan Beiramee*_____
        Bizhan Beiramee, VSB #50918
        Daniel M. Rathbun, VSB #29184
        Counsel for Defendant PFC

## CERTIFICATE OF SERVICE

        I HEREBY CERTIFY that on this 12th day of October, 2010, a copy of the foregoing

was served in the manner indicated:

        Norman Bradford
        43543 Barley Court
        Ashburn, Virginia 20147
        *Pro Se*
        *Viz first-class mail*

        Robert R. Michael, Esq.
        Bierman, Geesing, Ward & Wood, LLC
        8100 Three Chopt Road, Suite 240
        Richmond, Virginia 23229
        Robert.Michael@bgw-llc.com
        (804)521-6121
        (804)521-6171 Fax
        Counsel for Defendant HSBC
        *via the CM/ECF system*

        _/s/ *Bizhan Beiramee*_____
        Bizhan Beiramee

K:\RG Directory\Clients\S&B_Bradford\PLEA_112184-PFC Ans to Am Comp (v2)-110627.doc