IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

FILED
JAN 21 2011
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| NORMAN BRADFORD ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:09cv1226 |
| ) | |
| HSBC MORTGAGE CORPORATION, ) | |
| et. al., ) | |
|     Defendants. ) | |

## ORDER

The matter is before the Court on plaintiff's *pro se* motions to strike the answers and affirmative defenses, or in the alternative, for judgment on the pleadings, against defendants HSBC Mortgage Corp. ("HSBC"), Professional Foreclosure Corp. ("PFC"), and Mortgage Electronic Registration Systems, Inc. ("MERS"). Each of the defendants filed separate answers and affirmative defenses in this matter in response to plaintiff's verified amended complaint. Plaintiff essentially argues that all of these pleadings are deficient, and therefore should be stricken or entitle plaintiff to judgment on the pleadings, because:

(i) The answers deny allegations that are, in plaintiff's view, beyond dispute;

(ii) The answers fail to deny, and therefore admit, numerous allegations insofar as the responses take any of the following forms: (a) "[defendant] lacks sufficient information to admit or deny the allegations," (b) "[plaintiff's allegations] constitute a legal conclusion, and no response is required," and (c) plaintiff's allegations refer to a document that "speaks for itself."

(iii) The affirmative defenses[1] are stated only in a boilerplate form that fails to put plaintiff on sufficient notice of the nature of the defenses being asserted; and

(iv) Defendants' answers otherwise fall short of the requirements of Rules 8 and 11, Fed. R. Civ. P.

Plaintiff's arguments are meritless. Rule 8, Fed. R. Civ. P., makes clear that a party may respond to allegation in one of any number forms depending on the circumstances, subject to the other civil procedure rules. In particular, Rule 8(b)(3) provides that

> A party that intends in good faith to deny all the allegations of a pleading — including the jurisdictional grounds — may do so by a general denial. A party that does not intend to deny all the allegations must either specifically deny designated allegations or generally deny all except those specifically admitted.

As for denials in part, Rule 8(b)(4) specifically allows such denials so long as the party "intends in good faith to deny only part of an allegation," "admit[s] the part that is true[,] and den[ies] the rest." Furthermore, Rule 8(b)(5) allows a party "that lacks knowledge or information sufficient to form a belief about the truth of an allegation" to state as much in the answer, which serves as a denial. Finally, Rule 8(b)(6) indicates that where a "responsive pleading is not required, an allegation is considered denied or avoided."

As these provisions make clear, all of defendants' responses are within the contemplation of Rule 8, Fed. R. Civ. P. Indeed, not only do defendants respond to each allegation—specifically admitting, denying, or stating a basis for failing to admit or to deny each allegation—but each defendant's answer also includes a general denial stating that, to the extent that any allegations are not specifically admitted, they are denied. Nothing in the form of these responses violates the Federal Rules of Civil Procedure. And, because defendants have

---

[1] Defendants assert as affirmative defenses, *inter alia*, (i) failure to state a claim, (ii) statute of limitations, (iii) laches, (iv) waiver, (v) estoppel, (vi) failure to mitigate damages, and (vii) unclean hands.

effectively denied the central allegations in plaintiff's complaint, it is clear that plaintiff is not entitled to judgment on the pleadings. *See* Rule 12(c), Fed. R. Civ. P.

Plaintiff also suggests the pleadings fall short of Rule 11, but this argument too is meritless. Rule 11 states that an attorney's signature on a pleading signifies the attorney's certification that the pleading meets certain standards of fairness and nonfrivolousness "to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances." Rule 11, Fed. R. Civ. P. Relevant here are two particular representations indicated in Rule 11. First, the attorney's signature certifies that the "defenses[] and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." *Id.* Second, the attorney's signature indicates that "the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information." *Id.*

Nothing in defendants' answers or affirmative defenses provides a basis to challenge the pleadings under Rule 11. Plaintiff challenges defendant's denials as controverted by the evidence, but as defendants correctly note, the proper time to attack defendant's argument is the summary judgment stage. *See* Rule 56, Fed. R. Civ. P. Plaintiff apparently seeks to learn more about the asserted defenses, but a minimal recital of affirmative defenses is well within the contemplation of the Federal Rules of Civil Procedure. Ultimately, discovery is the appropriate means of probing defendants' denials and defenses.

Accordingly, and for good cause,

It is hereby **ORDERED** that plaintiff's *pro se* motions (Doc. Nos. 61, 62, 63, 64, and 65) are **DENIED**.

3

The Clerk is directed to send a copy of this Order to all counsel of record.

Alexandria, Virginia
January 21, 2011

/s/

T. S. Ellis, III
United States District Judge