IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| NORMAN BRADFORD )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>HSBC MORTGAGE CORPORATION, )<br>et. al., )<br>    Defendants. ) | Case No. 1:09cv1226 |

## ORDER

The matter came before the Court on the parties' cross motions for summary judgment. In numerous respects, the record is insufficiently developed to resolve even basic questions of fact that should not be in genuine dispute. For example, the parties dispute whether plaintiff Bradford was provided a copy of the Truth in Lending disclosure statement at closing on his refinancing loan, a question that might be resolved based on, *inter alia*, (i) a properly authenticated copy of the statement purportedly signed by Bradford attesting to having received the disclosure; (ii) affidavits from those witnesses present at closing, if available; and/or (iii) affidavits from witnesses who, while not present for the closing of the loan in issue, were employed by the issuer at the time the loan was closed and can testify to the routine business practices in place at that time. Similarly, the record insufficiently discloses the circumstances under which Bradford waived his TILA rescission right, which may be susceptible to proof by methods similar to those described above. The parties also contest the identity of the current holder of the promissory note in issue, a question of fact that should be easily resolved at the summary judgment stage. The lack of proof with respect to these fundamental issues, among other issues noted at the hearing or addressed only superficially in the parties' briefs, warrant granting the parties leave to supplement their summary judgment filings.

Accordingly, and for the reasons stated from the Bench, and for good cause,

It is hereby **ORDERED** that the parties are **GRANTED LEAVE** to file by 5:00 p.m., Friday, March 4, 2011 any supplemental briefing, affidavits, and exhibits[1] that they deem appropriate in light of the issues raised at the hearing on the cross motions for summary judgment.

It is further **ORDERED** that the cross motions for summary judgment (Doc. Nos. 88, 91) are **DEFERRED** pending further submissions by the parties, and the motions will then be resolved without further oral argument.

The Clerk is directed to send a copy of this Order to all counsel of record.

Alexandria, Virginia
February 18, 2011

/s/
T. S. Ellis, III
United States District Judge

---

[1] Parties are reminded that exhibits submitted for the purpose of resolving summary judgment motions must be admissible in evidence, meaning they must be self-authenticating or accompanied by an authenticating affidavit. See Rule 56(c)(1), (2), and (4), Fed. R. Civ. P.

2