IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

F I L E D

JUL 2 2 2011

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

NORMAN BRADFORD )
    Plaintiff, )
 )
    v. )    Case No. 1:09cv1226
 )
HSBC MORTGAGE CORPORATION, )
et. al., )
    Defendants. )

## MEMORANDUM OPINION

At issue in this Truth in Lending Act[1] ("TILA") and Fair Debt Collection Practices Act[2]

("FDCPA") matter is whether a borrower's TILA rescission claims are time-barred where, as

here, the borrower notified the lender that the borrower was exercising his TILA rescission right

within three years of closing, but the borrower failed to commence suit to enforce rescission until

more than three years after closing.

For the reasons that follow, plaintiff's TILA rescission claim is time-barred and must be

dismissed.

## I.

The facts pertinent material to the instant motion are undisputed and may be succinctly

stated. The procedural history is more complex.

Plaintiff Norman Bradford is a Virginia resident living at 43543 Barley Court in Ashburn,

Virginia (the "Ashburn Property"). Bradford's third verified amended complaint names five

corporate defendants and one individual defendant, namely (i) HSBC Mortgage Corporation

("HSBC"), (ii) Home Advantage Funding Group ("Home Advantage"), (iii) Mortgage Electronic

---

[1] *See* 15 U.S.C. § 1601, *et seq*.

[2] *See* 15 U.S.C. § 1692 *et seq*.

Registration Systems ("MERS"), (iv) Ally Bank ("Ally"), (v) Residential Funding Company ("RFC"), and (vi) Amir Mirza. Mirza is a loan officer for defendant Home Advantage.[3] Bradford worked with Mirza and Home Advantage[4] to obtain a refinancing loan, which was secured by a deed of trust ("Deed of Trust") naming HSBC as lender and MERS as beneficiary.[5] On March 4, 2011, Bradford moved to join Ally as a defendant, believing Ally was the holder of Bradford's promissory note and thus a necessary and indispensable party.[6] That motion was granted on March 11, 2011. *See Bradford v. HSBC Mortgage Corp.*, No. 1:09cv1226 (E.D. Va. Mar. 11, 2011) (Order). Subsequently, HSBC submitted an affidavit from an employee of Ally Bank representing that, in fact, RFC was the true holder of Bradford's promissory note, and accordingly, plaintiff was granted leave to join RFC as a defendant.[7] *See Bradford v. HSBC Mortgage Corp.*, No. 1:09cv1226 (E.D. Va. May 25, 2011) (Order).

---

[3] Because Bradford does not clearly allege the residency or general function of each defendant, the defendants are identified by their alleged role in the underlying acts.

[4] Mirza has not been served nor has he entered an appearance in this case. Home Advantage has been served, but has not filed a responsive pleading and is in default. *See* Rule 55(a), Fed. R. Civ. P. (authorizing the clerk to enter default against any party that fails to plead or otherwise to defend a claim).

[5] Professional Foreclosure Corporation of Virginia ("PFC") was later appointed substitute trustee pursuant to the Deed of Trust to begin foreclosure proceedings on Bradford's property. PFC was originally a defendant on Bradford's complaint, but Bradford's claims against PFC were voluntarily dismissed on January 26, 2011. *See Bradford v. HSBC Mortgage Corp.*, No. 1:09cv1226 (E.D. Va. Jan. 26, 2011) (Consent Order).

[6] *See Delta Financial Corp. v. Paul D. Comanduras & Assocs.*, 973 F.2d 301, 305 (4th Cir. 1992) (noting that "in suits between parties to a contract seeking rescission of that contract, all parties to the contract, and others having a substantial interest in it, are necessary parties").

[7] Ally was actually named as a defendant on Bradford's original complaint, but because Ally was not named on Bradford's first amended complaint filed on August 5, 2010, Ally was terminated as a party.

2

This case arises out of the handling of Bradford's residential refinancing agreement on the Ashburn Property, Bradford's primary residence. Bradford alleges that various TILA violations[8] occurred at Bradford's home loan closing on September 20, 2006, the result of which was to extend his TILA rescission period from three days to three years after closing. *See* 15 U.S.C. § 1635(a); *see also* 12 C.F.R. § 226.23. On October 16, 2008, Bradford mailed a notice to HSBC indicating that he was exercising his TILA rescission right, after which he ceased making loan payments. HSBC refused to acknowledge Bradford's right to rescission and proceeded with collection activities, including commencing foreclosure.[9]

On October 29, 2009, Bradford filed the instant action alleging TILA, FDCPA, Real Estate Settlement Procedures Act[10] ("RESPA"), breach of fiduciary duty, and fraud claims. HSBC, MERS, and PFC moved to dismiss the complaint, and the motion was granted in part insofar as the RESPA, breach of fiduciary duty, and fraud claims were dismissed pursuant to Rule 12(b)(6), Fed. R. Civ. P. *See Bradford v. HSBC Mortgage Corp.*, No. 1:09cv1226 (E.D. Va. Sept. 20, 2010) (Order). Discovery then proceeded on the remaining FDCPA and TILA claims.

At the conclusion of discovery, the parties—who at that time did not include Ally or RFC—filed cross motions for summary judgment. Bradford established as an undisputed fact on summary judgment that various mandatory TILA disclosures were not provided at the time of closing, such that he was entitled to rescind his loan within the extended statutory three-year

---

[8] Bradford alleges, *inter alia*, that he was not provided a proper notice of cancellation or a "Truth in Lending" statement.

[9] For reasons not pertinent here, the process of foreclosure was stalled and never completed, and Bradford remains in possession of the Ashburn Property.

[10] 12 U.S.C. § 2601 *et seq.*

period. *See* 15 U.S.C. § 1635(f) (providing for an extended three-year rescission right where certain disclosures are not made to the borrower at the time of closing). But defendants pointed out that even if Bradford were entitled to rescind his loan, rescission could not be granted because the holder of Bradford's promissory note—who at that time was unknown—was a necessary and indispensable party for a rescission claim.[11] The parties were then granted additional discovery to resolve what should have been a relatively straightforward matter of identifying the current holder of Bradford's promissory note. Yet inexplicably, identifying the noteholder proved quite difficult for these parties.

At first, the parties represented that Ally was the noteholder, and leave was accordingly granted to file a second amended complaint adding Ally as a defendant. *See Bradford v. HSBC Mortgage Corp.*, No. 1:09cv1226 (E.D. Va. Mar. 11, 2011) (Order). After Ally was added as a party, Ally timely moved to dismiss the second amended complaint pursuant to Rule 12(b)(6), Fed. R. Civ. P., and HSBC and MERS joined in Ally's motion. Later, HSBC produced a sworn declaration indicating that RFC is the current noteholder. Accordingly, on May 25, an Order issued granting Bradford leave to amend his complaint solely to add RFC as a defendant so that all necessary and indispensable parties would be joined in this action. *See Bradford v. HSBC Mortgage Corp.*, No. 1:09cv1226 (E.D. Va. May 25, 2011) (Order). Bradford thus filed a third amended complaint that named RFC as a defendant on June 6, 2011. Although the most competent evidence to date[12] suggests that RFC is the true current noteholder in this action,

---

[11] *See* note 6, *supra*.

[12] HSBC has produced a sworn affidavit from Scott Zeitz, a senior litigation analyst with Ally Bank, in which Zeitz represents (i) that he has the authority to speak to behalf of Ally and RFC; (ii) that RFC purchased Bradford's note from Ally on December 29, 2009; and (iii) that RFC remains the noteholder. *See* Doc. No. 162, Ex. A.

HSBC, Ally, and RFC—each of whom apparently held Bradford's promissory note for some period of time after closing—all remain as defendants.

After RFC was added as a party, RFC moved jointly with Ally to dismiss the third amended complaint based on the same arguments raised by Ally in Ally's motion to dismiss the second amended complaint. HSBC and MERS also filed a motion to dismiss the third amended complaint raising many of the same arguments advanced by Ally and RFC, including the argument that the TILA claims are time-barred. *See Bradford v. HSBC Mortgage Corp.*, No. 1:09cv1226 (E.D. Va. Sept. 20, 2010) (Order) (granting in part and denying in part the motion to dismiss). Because Ally and RFC raised new arguments with respect to the limitations period on Bradford's TILA claims, all parties were granted leave to file legal memoranda focusing on (i) whether Bradford's TILA claims are time-barred and (ii) whether dismissal of the TILA claims would result in dismissal of all claims in the third amended complaint. *See Bradford v. HSBC Mortgage Corp.*, No. 1:09cv1226 (E.D. Va. June 17, 2011) (Order).

## II.

Dismissal pursuant to Rule 12(b)(6), Fed. R. Civ. P., is appropriate where the complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). It follows that to survive a Rule 12(b)(6) motion to dismiss, a complaint must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949. And, in this respect, it is also true that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to *legal* conclusions." *Id.* (emphasis added). Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*, *quoted in Walker v. Prince George's County, Md.*, No. 08-1462, 2009 WL 2343614, at \*5 (4th Cir. July 30, 2009)

(O'Connor, J.). Instead, the complaint must allege facts that, if true, plausibly satisfy each element of the claims for which relief is sought. It is equally well settled that "where facts sufficient to rule on [a statute of limitations] defense are alleged in the complaint, the defense may be reached by a motion to dismiss filed under Rule 12(b)(6)." *Goodman v. PraxAir, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007). Accordingly, the motions to dismiss must be granted if, on the face of Bradford's complaint, it is clear that Bradford is not entitled to the relief sought because such relief is time-barred.

III.

Defendants argue that Bradford's right to rescission expired three years after the date of loan closing, and thus his TILA rescission claims, which were filed more than three years after closing, are time-barred. Bradford contends that his mailing of a notice of rescission to HSBC within three years of closing satisfied TILA's deadlines, rendering his TILA claims timely. The question presented, therefore, is whether the timeliness of Bradford's action is measured by his mailing of a notice of rescission or by the filing of his suit.

The analysis of this question properly begins with the pertinent TILA provisions. Thus, it is clear that Congress passed TILA "to assure the meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him." 15 U.S.C. § 1601(a). Accordingly, TILA requires a creditor to disclose information at the time the loan is consummated, and it affords certain rights to rescission and damages for violations of these rules. *See* §§ 1631-1632, 1635, 1637-1640; *see also Koons Buick Pontiac GMC, Inc. v. Nigh*, 543 U.S. 50, 54 (2004) (describing the legislative goals of TILA). And with regard to rescission, TILA provides:

> [I]n the case of any consumer credit transaction . . . , the obligor shall have the
> right to rescind the transaction until midnight of the third business day following
> the consummation of the transaction or the delivery of the information and

rescission forms required under this section together with a statement containing the material disclosures required under this subchapter, whichever is later, by notifying the creditor, in accordance with regulations of the Board, of his intention to do so. The creditor shall clearly and conspicuously disclose, in accordance with regulations of the Board, to any obligor in a transaction subject to this section the rights of the obligor under this section. The creditor shall also provide, in accordance with regulations of the Board, appropriate forms for the obligor to exercise his right to rescind any transaction subject to this section.

15 U.S.C. § 1635(a); *see also* 12 C.F.R. § 226.23 ("Regulation Z") ("If the required notice or material disclosures are not delivered, the right to rescind shall expire three years after consumption . . . ."). Taken together, these clauses provide a borrower on a consumer credit transaction the right to rescind the loan agreement within three years of closing if the creditor fails to make the required disclosures under the Act. Regulation Z also provides that "[t]o exercise the right to rescind, the consumer shall notify the creditor of the rescission by mail, telegram, or other means of written communication." 12 C.F.R. § 226.23(a)(3).

Here, Bradford mailed HSBC notice that he was exercising his rescission right within three years of closing, but he did not commence the present action until more than three years had elapsed since closing. At issue here, therefore, is whether Bradford's failure to file his complaint within three years of closing is fatal to his complaint, or whether his mailing notice of rescission to HSBC tolled or otherwise satisfied TILA's three-year deadline for exercising his rescission right.

Bradford contends that, based on a plain reading of the statute and accompanying regulations, a borrower is only required to "exercise" the right of rescission within three years, and that the "exercise" of rescission is complete upon notifying the creditor of the rescission. Defendants, on the other hand, contend that Supreme Court and Fourth Circuit precedent make clear that the borrower must actually file suit to enforce the rescission right within three years or

7

the right is extinguished. Although the Fourth Circuit has not analyzed this issue directly, a review of the pertinent precedent indicates that defendants' interpretation is correct.

In *Beach v. Ocwen Federal Bank*, 523 U.S. 410 (1998), the Supreme Court addressed whether a borrower could seek rescission more than three years after closing—not, as here, as an affirmative claim—but as a defense in foreclosure proceedings. *Beach* began by acknowledging the principle that statutes of limitation generally do not prevent parties from asserting defenses that would otherwise be time-barred if brought as offensive claims. *Id.* at 415. But the three-year deadline in § 1635(f), the Supreme Court concluded, was not a statute of limitations but a statute of repose, "operat[ing], with the lapse of time, to extinguish the right which is the foundation of the claim." *Id.* at 416. The text of § 1635(f) makes clear, according to *Beach*, that the three-year deadline in § 1635(f) does not pertain to "a suit's commencement but [to the rescission] right's duration, which [the statute] addresses in terms so straightforward as to render any limitation on the time for seeking a remedy superfluous." *Id.* at 417. Thus, the Supreme Court held that "§ 1635(f) completely extinguishes the right of rescission at the end of the 3-year period." *Id.* at 412, 417. *Beach* further reasoned that this interpretation "makes perfectly good sense" because absent such a hard-and-fast rule, "a statutory right of rescission could cloud a bank's title on foreclosure." *Id.* at 418.

Although *Beach* is not dispositive here because the borrower in *Beach* did not submit a notice of rescission to his creditor within three years of closing, as Bradford did here, *Beach*'s discussion of the three year deadline as a statute of repose does provide support for the proposition that the deadline is not subject to tolling. Indeed, in *Jones v. Saxon Mortgage, Inc.*, 537 F.3d 320 (4th Cir. 1998), the Fourth Circuit, based on *Beach*, concluded that the three-year deadline in § 1635(f) is not subject to tolling based on fraudulent inducement. 537 F.3d at 327.

8

The borrower in *Jones* attempted to exercise rescission after his home was sold at sale, arguing that the defendant's fraudulent concealment tolled the time limit for seeking rescission. *Id.* In rejecting this argument, the Fourth Circuit noted that "[b]ecause § 1635(f) is a statute of repose, the time period stated therein is typically not tolled for any reason." *Id.* (noting that tolling the rescission deadline beyond the date of the foreclosure sale "would create uncertainty in any chain of title").

The Fourth Circuit further analyzed § 1635(f) in *American Mortgage Network, Inc. v. Shelton*, 486 F.3d 815 (4th Cir. 2007). There, the Fourth Circuit held that "unilateral notification of cancellation [to the creditor] does not automatically void the loan contract"; rather, a home mortgage becomes void only after "the creditor acknowledges that the right of rescission is available, or . . . the appropriate decision maker has so determined" that rescission is warranted. *Id.* at 821. In other words, until rescission is recognized by the lender or the court, a borrower has "only advanced a claim seeking rescission." *Id.* (quotations and alterations omitted). *Shelton* makes clear that a borrower's act of sending a rescission notice to his creditor is a necessary, but not a sufficient, step in exercising of one's rescission right. If the creditor does not acknowledge rescission and the borrower fails to pursue his rescission right in court, the mortgage remains fully enforceable just as though the borrower had never sought rescission in the first place.

Although *Jones* and *Shelton* do not squarely address the issue presented here, those cases, together with *Beach*, point persuasively to the conclusion that § 1635(f) imposes an unforgiving deadline on the exercise of a borrower's rescission right. The reason for this hard-and-fast rule is

9

not to reward creditors who ignore valid rescission requests,[13] but to ensure that lingering rescission rights do not unnecessarily cloud title, which protects, *inter alia*, *bona fide* third party purchasers of homes at foreclosure sales. *See DeCosta v. U.S. Bancorp*, 2010 U.S. Dist. LEXIS 101873, at *16-17 (D. Md. Sept. 27, 2010) (concluding that basing the rescission deadline on whether the borrower sent a rescission notice "would cloud the lender's title on foreclosure, a problem that Congress likely sought to avoid by passing Section 1635(f)"). Furthermore, allowing a borrower to file a rescission claim more than three years after closing simply because the borrower sent a timely rescission notice to the creditor "would essentially permit borrowers to invoke the very tolling doctrines that the Supreme Court stressed were inapplicable in this context." *Id.*

All of the district courts in this circuit that have analyzed TILA's three-year rescission deadline have reached the same conclusion reached here,[14] but courts across the country are not uniformly in agreement. Indeed, the interpretation of § 1635(f) has led to a three-way split of authority. According to the first group of cases, which includes the district courts in this circuit, a complaint seeking rescission is time-barred if it is not filed within three years of closing regardless of whether the borrower mailed a timely rescission notice to the creditor.[15] On the

---

[13] *But see Jackson*, 2006 U.S. Dist. LEXIS 78897, at *7-8 (concluding that requiring a borrower to file suit within three years regardless of whether the creditor was given prior notice of rescission "would seem to reward creditors for failing to take the steps upon receipt of notice of rescission set forth in 15 U.S.C. § 1635(b)").

[14] *See DeCosta*, 2010 U.S. Dist. LEXIS 101873, at *17; *Gilbert v. Deutsche Bank Trust Co. Ams.*, 2010 U.S. Dist. LEXIS 67176, at *14 (E.D.N.C. July 7, 2010); *In re Salazar*, 2011 Bankr. LEXIS 1159 (Bankr. D. Md. Mar. 29, 2011).

[15] *See* cases given in note 14, *supra; see also Rosenfeld v. HSBC Bank, USA*, 2010 U.S. Dist. LEXIS 90218, at *14 (D.Colo. Aug. 31, 2010); *Sam v. Am. Home Mortg. Servicing*, 2010 U.S. Dist. LEXIS 24881, at *6 (E.D.Cal. Mar. 3, 2010); *Nix v. Option One Mortg. Corp.*, 2006 U.S. Dist. LEXIS 2289, at *10 (D.N.J. Jan. 19, 2006).

other end of this spectrum of authorities, some cases have held that a rescission action is timely regardless of when it was filed provided the borrower gave the creditor notice of rescission within the three-year period.[16]  Finally, a third group of cases take what might be described as a middle approach, concluding that sending the creditor notice of rescission satisfies the three-year deadline, and the creditor's failure to respond to a valid notice of rescission in turn triggers the general one-year statute of limitations for TILA violations, 15 U.S.C. § 1640(e).[17]

Based on the precedent in *Beach, Jones,* and *Shelton,* it is appropriate to join with the other district courts in this circuit and conclude that the three-year time limit on TILA rescission is absolute, the expiration of which extinguishes the borrower's rescission right regardless of whether any notice of rescission was filed within three years of closing.  Indeed, analysis of the two alternative views demonstrates that neither view conforms with *Beach* and the binding precedent in this circuit.  As for the view that a rescission action is always timely, no matter when it is filed, provided the borrower gave the creditor notice of rescission within three years of closing, this conclusion is directly at odds with the Supreme Court's decision in *Beach. Beach* recognized TILA's rescission deadline as a statute of repose intended by Congress to avoid unnecessarily clouding a bank's title at foreclosure.  *Beach*, 523 U.S. at 418.  A view of the statute that provides no outer limit on the filing of a rescission action would carve out an exception to the statute of repose that would swallow the rule.

As for the more moderate interpretation of TILA—that sending notice of the right to rescission triggers a separate one-year statute of limitations for rescission claims—careful

---

[16] *See Jackson v. CIT Grp./Consumer Fin., Inc.*, 2006 U.S. Dist. LEXIS 78897, 2006 WL 3098767, at *7 (W.D. Pa. Oct. 30, 2006).

[17] *See, e.g., In re Hunter*, 400 B.R. 651, 662 (Bankr. N.D. Ill. 2009); *Johnson v. Long Beach Mortg. Loan Trust 2001-4*, 451 F. Supp. 2d 16, 40 (D.D.C. 2006).

analysis reveals that this interpretation is equally flawed. In adopting this view, the District Court for the District of Columbia in *Johnson* relied on the fact that § 1635(b) sets forth specific obligations for a creditor after receiving notice of rescission. 451 F. Supp. at 40. Specifically, § 1635(b) requires that "[w]ithin 20 days after receipt of a notice of rescission, the creditor shall return to the obligor any money or property . . . and shall take any action necessary or appropriate to reflect the termination of any security interest." Based on those provisions, *Johnson* concluded that the failure of a creditor to proceed as given in § 1635(b) constitutes a separate TILA violation subject to the general one-year statute of limitations provided in 15 U.S.C. § 1640. *Id.* Cases like *Johnson* can be construed in one of two ways, with each logical path carrying its own unique flaws. On the one hand, such cases could be construed as holding that submitting a notice of rescission tolls the three-year deadline of § 1635(f). But as the Fourth Circuit has indicated, statute of reposes are not subject to tolling. *See Jones,* 537 F.3d at 327. On the other hand, one could construe cases like *Johnson* as distinguishing two different TILA rescission claims, one under § 1635(f) and one under § 1635(b), each with a different limitations period. Under that view, a borrower could bring a § 1635(f) action for rescission outright within three years of closing, or the borrower could demand rescission from the lender and then, within a year of the notice to the lender, bring a § 1635(b) action to enforce the creditor's duty to acknowledge and effect rescission. Neither holding is persuasive.

There is no reason to conclude that Congress would draft TILA so as to provide a borrower with two rescission claims, each with a different limitations period, but both for the purpose of achieving the same remedy under the same statute based on the same underlying statutory rescission right. First, such a construction would lead to anomalous results that are inconsistent with Congress's legislative purpose in ensuring clear title in residential home

12

transactions. *Cf. See Griffin v. Oceanic Contractors, Inc.*, 458 U.S. 564, 575 (1982) ("[I]nterpretations of a statute which would produce absurd results are to be avoided if alternative interpretations consistent with the legislative purpose are available."). Second, and more importantly, this construction of the statute would create an exception to the three-year statute of repose for TILA claims based on the general, catch-all statute of limitations for TILA violations, a construction that violates the "elementary tenet of statutory construction that where there is no clear intention otherwise, a specific statute will not be controlled or nullified by a general one." *Guidry v. Sheet Metal Workers Nat'l Pension Fund*, 493 U.S. 365, 375 (1990) (quotations and ellipsis omitted). It follows that the appropriate construction of TILA is that § 1635's statute of repose for rescission claims *specifically* carves out an exception to § 1640's one-year statute of limitations period for TILA claims *generally*. Thus, the catch-all, one-year statute of limitations for TILA claims does not apply to rescission claims.

In sum, it is appropriate to conclude that a borrower must bring an action to enforce the TILA rescission right within three years of closing regardless of whether the borrower submits timely notice of rescission to the creditor prior to the end of the three-year period. Here, because Bradford filed this action on October 29, 2009, more than three years after his home loan closed on September 20, 2006, his rescission action is time-barred. Therefore, Bradford's TILA claims must be dismissed.

With respect to the dismissal of the TILA claims, Bradford raises one final procedural issue that merits attention. Essentially, Bradford notes that some of the defendants, namely HSBC and MERS, already raised the timeliness issue in an earlier motion to dismiss—albeit

cursorily.[18]  The September 20, 2010 Order on defendants' motion to dismiss, *inter alia*, rejected

defendants' argument that Bradford's rescission claims were untimely.  *See Bradford v. HSBC*

*Mortgage Corp.*, No. 1:09cv1226 (E.D. Va. Sept. 20, 2010) (Order) (denying defendant's motion

to dismiss as to the TILA claims).  Accordingly, Bradford argues that the decision with respect to

the timeliness of Bradford's rescission claims is law of the case and binds all parties, including

subsequently-joined defendants such as Ally and RFC.

Bradford's argument concerning law of the case is fundamentally misguided.  As the

Fourth Circuit has noted:

> Law of the case is just that[;] it does not and cannot limit the power of a court to
> reconsider an earlier ruling. The ultimate responsibility of the federal courts, at all
> levels, is to reach the correct judgment under law.

*Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 515 (4th Cir. 2003).  Regardless of

whether HSBC and MERS adequately addressed the timeliness issue in their original motions to

dismiss, and even though dismissal of the TILA claims was previously denied, HSBC and MERS

are entitled to the benefit of a correct interpretation of the pertinent statutory time bars for TILA

rescission claims.  To the extent the September 20 Order is inconsistent with this Order, the

earlier Order is overruled here.

---

[18] It is worth noting that HSBC and MERS did not argue in their original motion to dismiss, as
Ally and RFC do here, that the three year limitation in § 1635(f) is a statute of repose not tolled
by the mailing of rescission notice to the lender.  In fact, HSBC and MERS cited no cases that
analyzed the timeliness issue directly, and they did not even address the issue of whether
Bradford's mailing of rescission notice to HSBC within three years of closing satisfied the
timeliness requirements of § 1635(f).  Instead, HSBC and MERS simply asserted that Bradford's
complaint failed to allege that he complied with the statute's timeliness requirements.  Bradford
responded that defendants' misconstrued his complaint and pointed out that he had mailed proper
notice of rescission to HSBC within three years of closing.  HSBC and MERS did not respond or
address the timeliness issue further.

IV.

It remains to determine which claims, if any, survive the conclusion that Bradford's

rescission claims are time-barred.  Defendants argue that because Bradford is not entitled to

rescission, the remaining claims in the complaint, all of which arise under the FDCPA, must be

dismissed because they are contingent on recognizing Bradford's rescission right.  Defendants

are correct as to all remaining claims except for a single FDCPA claim.

The FDCPA imposes civil liability on a "debt collector" who engages in certain

prohibited debt collection practices.  *See* 15 U.S.C. § 1692k(c).  Bradford alleges that defendants

violated the FDCPA (i) by attempting to collect on a properly rescinded mortgage loan; (ii) by

making false or incomplete reports to credit reporting agencies, inasmuch as defendants reported

that Bradford did not make payments on a loan that had already been rescinded; (iii) by

attempting to foreclose on a rescinded security interest; (iv) by attempting to foreclose on a

rescinded note; and (v) by attempting to foreclose on a note of which they were not in

possession.  Am. Compl. ¶ 86.

As an initial matter, Bradford does not contest, and therefore essentially concedes, that

his complaint does not allege any basis for FDCPA claims against MERS;[19] accordingly, it is

appropriate to dismiss MERS.  As to defendants HSBC, Ally, and RFC, the first four of the

FDCPA claims enumerated *supra* arise out of the central premise that Bradford validly rescinded

his loan.  That is, Bradford claims that because his loan was validly rescinded, defendants'

attempts to collect on the loan after rescission were tantamount to collecting on a debt that was

---

[19] As MERS points out, Bradford's complaint does not identify any specific conduct by MERS.
Bradford merely describes the nature of MERS's business and names MERS in the header of
Count III.  Yet, the conduct described in Count III refers only to conduct of HSBC, Ally, and
RFC.

not owed.  Because Bradford's rescission claim fails, those four FDCPA claims must be dismissed as well.

The final FDCPA claim—namely, that defendants attempted to foreclose based on a note they did not then possess—does not depend on Bradford's rescission claim.  Essentially, Bradford contends that each defendant engaged in foreclosure efforts without regard to whether the given defendant had actual possession or ownership of the Note at the time.  The contention is based in part on the fact—which apparently is not in dispute—that Bradford's Note was transferred at least twice since its issuance: first from HSBC to Ally, and second from Ally to RFC.  If a defendant transferred the Note, or did not yet have possession or ownership of the Note at the time, but nevertheless engaged in foreclosure efforts, that conduct could amount to an FDCPA violation.  Therefore, because the complaint adequately sets forth a claim that that HSBC, Ally, and/or RFC violated the FDCPA by attempting to foreclose on the Note without possession, the claim cannot be dismissed under Rule 12(b)(6), Fed. R. Civ. P.  Instead, it is appropriate to convert Ally and RFC's motion to dismiss to a motion for summary judgment as to this sole remaining claim and to grant all parties[20] leave to file supporting legal memoranda and factual contentions concerning whether summary judgment is appropriate in favor of or against any party as to the sole remaining FDCPA claim.

In sum, because Bradford's rescission claim is time-barred, all of Bradford's claims must be dismissed except his FDCPA claim that defendants attempted to foreclose on a note not in their possession, which remains to be considered on summary judgment.

---

[20] Although HSBC and Bradford have already moved for summary judgment as to the FDCPA claim, and those motions are still pending, their summary judgment memoranda do not squarely address the sole remaining FDCPA claim in light of the disclosure that the Note was transferred from Ally to RFC on December 29, 2009.  Accordingly, it is appropriate to grant them leave to address these issues in supplemental memoranda.

An appropriate Order will issue.

The Clerk is directed to send a copy of this Memorandum Opinion to all counsel of record.

Alexandria, Virginia
July 22, 2011

/s/
T. S. Ellis, III
United States District Judge

17