IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| NORMAN BRADFORD | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:09cv1226 |
| | ) | |
| HSBC MORTGAGE CORPORATION, | ) | |
|     Defendant. | ) | |

## ORDER

The matter is before the Court on motion for an award of attorney's fees and costs by plaintiff Norman Bradford. The motion has been briefed pursuant to the Order that issued on March 13, 2012. *See Bradford v. HSBC Mortg. Corp.*, No. 1:09cv1226 (E.D. Va. Mar. 13, 2012) (Order). On March 28, 2012, an Order issued cancelling oral argument on the motion, which will be decided on the papers unless oral argument becomes necessary. *See Bradford v. HSBC Mortg. Corp.*, No. 1:09cv1226 (E.D. Va. Mar. 28, 2012) (Order).

Although the legal memoranda and exhibits with respect to the fees and costs motion adequately present the facts and contentions necessary to decide the motion, additional evidence on certain topics would assist the determination of the amount constituting a reasonable attorney's fee under 15 U.S.C. § 1640(a)(3). In particular, plaintiff's submission of the following evidence would further develop the record on this issue: (i) additional "specific evidence of the prevailing market rates in the relevant community for the type of work for which [Bradford] seeks an award,"[1] which may include a sworn statement of Mr. Bryl or another local attorney "familiar both with the skills of the fee applicant[] and more generally with the type of

---

[1] *Pyler v. Evatt*, 902 F.3d 273, 277 (4th Cir. 1990).

work in the relevant community"[2] that "verif[ies] the prevailing market rates"[3] for lawyers of Mr. Bryl's experience representing clients in TILA matters in the Eastern District of Virginia; (ii) a sworn statement of Mr. Bryl estimating, to the best of Mr. Bryl's knowledge, which of the hours before July 22, 2011 were spent litigating the issue of the noteholder's identity only; and, (iii) a sworn statement of Mr. Bryl estimating, to the best of Mr. Bryl's knowledge, which of the hours after July 22, 2011 were spent litigating the § 1641(f)(2) claim only.[4] It is therefore appropriate to give Bradford an opportunity to submit this evidence and also to give both parties an opportunity to submit supplemental legal memoranda addressing the sufficiency of any new evidence Bradford submits.

For these reasons, and for good cause,

It is hereby **ORDERED** that Bradford is **GRANTED LEAVE** to submit the following evidence, along with a supplemental legal memorandum arguing the significance of the same, no later than 5:00 p.m. Friday, April 6, 2012: (i) one or more sworn statements verifying the reasonableness of the $300 proposed hourly rate; and (ii) a sworn statement estimating how many hours were spent litigating the noteholder-identity issue before July 22, 2011 and how many hours were spent litigating the successful § 1641(f)(2) claim after July 22, 2011.

---

[2] *Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 245 (4th Cir. 2009).

[3] *Id.*

[4] These estimates should reflect only those hours spent on the issues noted above and thus should exclude hours that were spent litigating, *inter alia*, the FDCPA claim and the § 1641(g) claim. For example, to the extent that plaintiff seeks compensation for the drafting of the Fourth Verified Amended Complaint, the estimate properly includes hours spent drafting the § 1641(f)(2) claim but not hours spent drafting the other, unsuccessful claims.

It is further **ORDERED** that defendant HSBC Mortgage Corporation is **GRANTED** LEAVE to submit a supplemental legal memorandum and exhibits responding to Bradford's submission no later than 5:00 p.m. Wednesday, April 11, 2012.

The Clerk is directed to send a copy of this Order to all counsel of record.


Alexandria, Virginia
April 2, 2012

　　　　　　　　　　　　　　　　　　　　　　　/s/
　　　　　　　　　　　　　　　　　　　　　　　―――――――――――――
　　　　　　　　　　　　　　　　　　　　　　　T. S. Ellis, III
　　　　　　　　　　　　　　　　　　　　　　　United States District Judge