IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| NORMAN BRADFORD ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:09cv1226 |
| ) | |
| HSBC MORTGAGE CORPORATION, ) | |
|     Defendant. ) | |

## ORDER

The matter is before the Court on the motion to alter judgment and reinstate rescission-related claims by plaintiff Norman Bradford. On May 3, 2012—one week after the entry of final judgment in this matter—the Fourth Circuit issued a published opinion in *Gilbert v. Residential Funding LLC*, No. 10-2295, --- F.3d ----, 2012 WL 1548580 (4th Cir. May 3, 2012) reaching several conclusions contrary to those reached in published decisions issued in this matter. Specifically, the Fourth Circuit in *Gilbert* held that, contrary to the conclusion reached in *Bradford I*,[1] a TILA rescission action pursuant to § 1635 is timely if borrower's notice of intent to rescind is sent within three years after consummation of the transaction, even where, as here, the borrower files his TILA rescission action outside this three-year period. *See Gilbert*, 2012 WL 1548580, at **3–6. Moreover, in deciding that the claimants' cause of action for damages for wrongful failure to rescind was not untimely, the Fourth Circuit in *Gilbert* held by implication, contrary to the conclusion reached in *Bradford IV*,[2] that refusal to effect rescission

---

[1] *See Bradford v. HSBC Mortg. Corp.*, 799 F. Supp. 2d 625, 633 (E.D. Va. 2011) ("*Bradford I*") (concluding that "a borrower must bring an action to enforce the TILA rescission right within three years of closing regardless of whether the borrower submits timely notice of rescission to the creditor prior to the end of the three-year period").

[2] *Bradford v. HSBC Mortg. Corp.*, No. 1:09cv1226, --- F. Supp. 2d ----, 2012 WL 706379 (E.D. Va. Mar. 5, 2012) ("*Bradford IV*") (concluding in cases involving a notice of rescission sent

after a borrower has sent a notice of intent to rescind may give rise to damages under TILA even where, as here, the notice is sent outside the three-day period in which the borrower's rescission right is absolute. *See Gilbert*, 2012 WL 1548580, at *6 (concluding that "[t]he alleged violation of TILA occurred when GMAC sent the April 14, 2009, letter indicating that it would not rescind the loan transaction" and therefore that "[plaintiffs'] TILA claim for damages for GMAC's refusal to honor their right to rescind is not time barred").

Although a district court has authority pursuant to Rules 59(e) and 60(b)(6), Fed. R. Civ. P. to vacate and modify its prior orders and judgments to account for intervening changes in the law,[3] the panel decision in *Gilbert* cannot yet be considered binding here because the Fourth Circuit's formal mandate has not yet issued in that case. Indeed, the Fourth Circuit has stayed its mandate in *Gilbert* in light of appellees' timely filed petition for rehearing and for rehearing *en banc*. *See Gilbert v. Res. Funding LLC*, No. 10-2295 (4th Cir. May 17, 2012) (Doc. 60) (citing Fed. R. App. P. 41(d)(1)). In their petition, appellees in *Gilbert* argue that the panel decision in that case: (i) "undermines the certainty contemplated by Congress in enacting § 1635(f) to provide a bright-line rule—and cut-off—for rescission, and to avoid clouding title," a concern that animated the Supreme Court's decision in *Beach v. Ocwen Federal Bank*, 523 U.S. 410 (1998); (ii) "conflicts with the reasoning of [the Fourth Circuit's] prior decision in *American Mortgage Network, Inc. v. Shelton*, 486 F.3d 815, 821 (4th Cir. 2007);" and (iii) creates a split of

---

more than three days after closing that "a cause of action in damages for a lender's failure to effect rescission does not accrue where, as here, a borrower has sent the lender a notice of intent to rescind, but no court has yet ruled that he is entitled to rescission").

[3] *See also Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (holding that one of the recognized "grounds for amending an earlier judgment" under Rule 59(e) is "to accommodate an intervening change in controlling law"); *United States v. Jacobs*, 298 F.2d 469, 472 (4th Cir. 1961) (holding that Rule 60(b) does not "depriv[e] the court of the power to act in the interest of justice in an unusual case in which its attention has been directed to the necessity for relief by means other than a motion").

2

authority with the Third and Ninth Circuits and with several district courts, including several in this circuit. Appellees' Pet. for Rehr'g or Rehr'g *En Banc* at 2–3, *Gilbert v. Res. Funding LLC*, No. 10-2295 (4th Cir. May 17, 2012) (Doc. 58). It is possible that the Fourth Circuit will grant the petition and, in a subsequent panel decision or in an *en banc* decision, reach conclusions consistent with those reached in *Bradford I* and *Bradford IV*. In any event, given that the decisions of the court of appeals become binding on a district court only after the issuance of the appellate court's mandate,[4] it is appropriate to defer decision on Bradford's motion to amend the judgment in this matter until the Fourth Circuit's mandate in *Gilbert* issues.

For these reasons, and for good cause,

It is hereby **ORDERED** that the motion to amend judgment (Doc. 307) is **DEFERRED** pending issuance of the formal mandate of the Fourth Circuit in *Gilbert v. Residential Funding, LLC*, No. 10-2295 (4th Cir.). It is further **ORDERED** that no response to the motion is due unless and until a subsequent Order issues setting forth a briefing schedule.

It is further **ORDERED** that any party in this matter seeking decision on the pending motion to alter judgment (Doc. 307) is **DIRECTED** to advise the Court by pleading of the issuance of the Fourth Circuit's mandate in *Gilbert* or of any other order issuing in that case related to rehearing.

The Clerk is directed to send a copy of this Order to all counsel of record.

Alexandria, Virginia  
May 29, 2012

/s/  
T. S. Ellis, III  
United States District Judge

---

[4] *See Doe v. Chao*, 511 F.3d 461, 464–66 (4th Cir. 2007) (discussing the so-called "mandate rule," which "prohibits lower courts, with limited exceptions, from considering questions that the mandate of a higher court has laid to rest").