UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| NORMAN BRADFORD<br><br>    Plaintiff<br>v.<br><br>HSBC MORTGAGE CORPORATION *et al.*<br><br>    Defendants | No. 1:09-cv-01226-TSE-JFA |

**PLAINTIFF'S RESPONSE TO THE COURT'S FEBRUARY 4, 2013
ORDER TO SHOW CAUSE**

Plaintiff Norman Bradford ("Bradford"), by counsel, respectfully submits the instant response to the Court's Order to Show Cause issued on February 4, 2013.

On May, 24, 2012, Bradford moved to reinstate his rescission-related claims (Doc. 307) based on the fact that he had timely sent his notice of rescission in compliance with the law and based on the Fourth Circuit's intervening decision in *Gilbert v. Residential Funding, LLC*, 2012 U.S. App. LEXIS 9114 (4th Cir. May 3, 2012) (published opinion).

On May 29, 2012, the Court deferred consideration of the May 24, 2012 motion because the Appellees in *Gilbert*, including Defendant Residential Funding Company, LLC in this case, had timely moved for a rehearing *en banc*. The Court's deferral order directed the parties to apprise the Court by an appropriate pleading of an issuance of a

-1-

mandate by the Fourth Circuit in *Gilbert* or of any other issues related to rehearing *en banc* in that case. Doc. 308.

Shortly prior to the above, on May 14, 2012, Defendant Residential Funding Company (RFC) filed for Chapter 11 bankruptcy protection (through its parent company Residential Capital, LLC). *See In re: Residential Capital, LLC, et al.*, No. 12-12020 (Bankr. S.D.N.Y. 2012). Because of the automatic stay applicable to such proceedings, the Fourth Circuit stayed its consideration of RFC's petition for rehearing *en banc*, and that consideration is stayed to this day. *See* **Exhs. A & B** (order & partial mandate).

Aside from the issue of whether the partial mandate applies to any Defendants in this case, Bradford states that the prior failure to inform the Court of said partial mandate was inadvertent. While Bradford checked the status of the *Gilbert* case previously on several occasions, the partial mandate was missed, apparently due to the several subsequent "status report" entries on that case's docket.

Additionally, an issue exists whether Plaintiff's May 24, 2012 motion in this case is subject to the automatic stay of RFC's bankruptcy proceeding. For instance, the New York Bankruptcy Court in *In re Residential Capital* has noted that on "July 13, 2012, [it] entered the Supplemental Servicing Order lifting the automatic stay and permitting approximately two thirds of the approximately 1900 direct claims and counterclaims against the Debtors [including RFC] pending in courts around the country to continue to be litigated." **Exh. C**. This statement weighs in favor of finding that Bradford's motion is

not subject to the automatic stay and can proceed.  A copy of the Supplemental Order is attached hereto as **Exh. C**.  At the same time, the Bankruptcy Court noted, however, that "the automatic stay remains in place with respect to the remaining one-third of such claims, including in the case brought by the Gilberts."  **Exh. B**.  The instant litigation is similar to the *Gilbert* case in many respects, including the rescission-related claims sought to be reinstated by the May 24, 2012 motion.  So the Bankruptcy Court's latter statement appears to indicate that the instant proceeding on Plaintiff's motion is subject to the automatic stay.

Bradford respectfully submits that, should this Court find that Bradford's rescission-related claims against RFC are subject to the automatic stay, the Court should continue to defer its consideration of Bradford's motion just like the Fourth Circuit continues to defer its consideration of Residential Capital's *en banc* petition.  **Exh. A**.  On the other hand, should the Court find that Bradford's claims sought to be reinstated are not subject to the automatic stay, Bradford's May 24, 2012 motion should be granted pursuant to the Fourth Circuit's partial mandate issued in *Gilbert*.

Respectfully submitted,

  */s/ Gregory Bryl*
Gregory Bryl, Esq., VSB# 45225
BRYL LAW OFFICES
1629 K Street NW, Suite 300
Washington, DC 20006
202-360-4950
703-997-5925 fax
help@bryllaw.com
*Attorney for Plaintiff*

-5-

## CERTIFICATE OF SERVICE

I certify that on February 13, 2013, I caused a copy of the foregoing document, with exhibits, if any, to be sent via the Court's CM/ECF and/or U.S. mail to the following:

    Abby K. Moynihan, Esq.
    McCabe, Weisberg & Conway, LLC
    312 Marshall Ave, Suite 800
    Laurel, MD 20707

    Robert Ryland Musick, Esq.
    William Woodul Tunner, Esq.
    Thompson McMullan PC
    100 Shockoe Slip, 3rd Fl
    Richmond, VA 23219-4140

                                            */s/ Gregory Bryl*
                                            Gregory Bryl, Esq.